# N. Y. SUPERIOR COURT.

## PAUL BATZEL agt. OLGA BATZEL.

*Action for divorce on the ground of adultery — Jury trial — Reference.*

The Code of Civil Procedure has made no change as to an action for divorce on the ground of adultery, and now, as heretofore, the issue of adultery must be specially submitted to a jury, unless a trial by jury be waived in some mode prescribed by law.

Trial by jury may be waived: (1) By failing to appear at the trial. (2) By written consent, in person or by attorney, filed with the clerk. (3) By oral consent in open court entered in the minutes.

An action for divorce on the ground of adultery is one in which provision for a trial by jury is now, as heretofore, expressly made by law, *because*, though section 253 of the former Code which provided that "the issue of adultery must be tried by a jury unless a jury trial be waived," was repealed by the repealing act accompanying the new Code of Civil Procedure, the repeal did not extend to the provision of the statute relating to divorces (2 *Edm. N. Y. Statutes, page* 150, *sec.* 40), which makes it the duty of the court, if the adultery charged be denied, to direct a feigned issue to be made up for the trial of the facts contested by the pleadings by a jury. This statute remains in force in its original form, and is to be taken together with sections 968, 969 and 970 of the Code of Civil Procedure.

In addition to the statutory right thus existing there is also a constitutional right to a trial by jury of which the defendant cannot be deprived without her consent.

The reference provided for in sections 270 and 271 of the former Code, could not be compelled but only ordered upon the written consent of the parties.

Where the defendant neither waives a trial by jury nor consents to a reference, and in all other respects complies with Rule 40, her right to a trial by jury is absolute and incontestable.

*Special Term, November*, 1877.

Batzel agt. Batzel.

MOTION by plaintiff to vacate order settling the issues to be tried by jury and for an order of reference of the issues.

The action is brought by the husband against the wife for a divorce on the ground of adultery.

The defendant by her answer denied the acts of adultery charged in the complaint.

Issue was joined August 15, 1877, and immediately thereafter defendant moved for an order, and on the 29th of August, 1877, an order was granted and entered, directing the issues specified therein to be tried by a jury.

*Alfred Erbe*, of counsel for plaintiff.

*Frank Malvesay*, of counsel for defendant.

FREEDMAN, *J.* — The order directing the issue of adultery to be tried by jury, was regularly made.

Section 253, of the Code, then in force, provided that an issue of fact in an action for a divorce from the marriage contract on the ground of adultery, must be tried by a jury, unless a jury trial be waived as provided in section 266, or a reference be ordered as provided in sections 270 and 271.

Section 266 provided, that trial by jury might be waived: First, by failing to appear at the trial; second, by written consent, in person or by attorney, filed with the clerk; third, by oral consent in open court, entered in the minutes.

The reference referred to could not be compelled, but ordered upon the written consent of the parties.

In addition, Rule 40 (formerly 33) provided as follows:

In all actions for a divorce, when "issue is joined by the pleadings, upon the question of adultery, such issue shall not be tried by a jury until the issue to be tried shall be settled in like manner as in other actions, where issues arising out of the pleadings are required to be settled."

In the other actions thus referred to, if either party desired a trial by jury, he had to give, within ten days after issue

Batzel agt. Batzel.

joined, notice of a special motion for the settlement of the issues to be submitted to the jury.

The defendant in this case neither waived a trial by jury, nor did she consent to a reference, and as in all other respects she fully complied with the rule, her right to a trial by jury seems incontestable.

It is claimed, however, by the learned counsel for the plaintiff, that the law upon the subject has been changed by the new Code of Civil Procedure, which went into effect on the first of September last; that under that act, a reference may be compelled by the court, and that this power extends to all trials had after the day named. Furthermore, it is insisted, that the evidence to be given on behalf of the plaintiff in this action is unfit for publication, and that for this reason, and in the interest of good morals, the court, in the exercise of the newly conferred power, should revoke the order of August twenty-ninth, and substitute therefor an order of reference.

Section 968 of the new Code, it is true, in enumerating the actions in which the issues of fact must be tried by a jury, omits to name the action for a divorce, and such omission, as appears from the note of Commissioner Throop, was purposely made.

Equally true it is, that section 969 provides, that an issue of fact, in an action not specified in the last preceding section, or wherein provision for a trial by jury is not expressly made by law, must be tried by the court, unless a reference or a jury trial is directed; and that, under section 1013, all actions, triable by the court without a jury, may be referred at the discretion of the court, and of its own motion as well as upon the application of either party.

But the difficulty is, independently of the saving clause contained in paragraph 1 of the sixth section of the so-called temporary act of June 2, 1877, first, that an action for divorce on the ground of adultery, is one in which provision for a trial by a jury is expressly made by law, and that, conse-

quently it falls within the exception contained in section 969 ; and secondly, that section 970 expressly provides, that where a party is entitled, by the Constitution or by express provision of law, to a trial by a jury of one or more issues of fact, in an action not specified in section 968, he may apply, upon notice, to the court for an order, directing all the questions arising upon those issues, to be distinctly and plainly stated for trial accordingly.

An action for divorce on the ground of adultery, is one in which provision for a trial by jury is expressly made by law, because, though section 253 of the former Code was repealed by the repealing act accompanying the new Code of Civil Procedure, the repeal did not extend to the provision of the statute relating to divorces (2 *Edm. N. Y. Statutes*, *p.* 150, *sec.* 40), which make it the duty of the court, if the adultery charged be denied, to direct a feigned issue to be made up for the trial of the facts contested by the pleadings, by a jury of the country, at some circuit court.

The commissioners to revise the statutes, in omitting the action of a divorce from the provisions of section 968, did so because they intended to specially regulate the trial of such an action by a separate chapter. Their views upon this subject may be found in chapter 15 of their report to the legislature of 1877, and in that, the pre-existing right of trial by jury was preserved. The chapters subsequent to chapter 13, however, failed to become law, and hence the statute above alluded to (2 *Edm. N. Y. Statutes, p.* 150), remains in force in its original form, and is to be taken together with sections 968, 969 and 970 of the new Code.

In addition to the statutory right thus existing, there is, also, a constitutional right to a trial by jury, of which the defendant cannot be deprived without her consent. To make this clear, recourse must be had to the origin of the jurisdiction of the courts of this country over matrimonial controversies.

In England the matrimonial law was, prior to the Amer-

Batzel agt. Batzel.

ican revolution, administered by the ecclesiastical courts. The English colonists carried with them to this country their own English laws, except such as were inapplicable to their altered relations and circumstances. But they did not carry with them the courts of the mother country. Consequently, during the time intervening between the establishment of the colony and of the courts, the laws remained practically inoperative. Though, therefore, the courts of England have specifically held, that the matrimonial law of the ecclesiastical tribunals is a branch of the law which colonists take with them, yet, as we have no ecclesiastical courts, and never had them even in colonial times, it is plain that no tribunal in this country can take jurisdiction of marriage and divorce causes without the authority of a statute. When a statute has given the authority, the tribunal is to exercise it, under the regulations of the statute, according to the law as expounded by the ecclesiastical courts. But in so far as the cause of divorce or the course of procedure is regulated · by statute, the contrary practice formerly prevailing in the ecclesiastical courts of England is abrogated.

In the state of New York, jurisdiction over actions for the dissolution or suspension of the marriage contract was, by statute, conferred upon the court of chancery, and the act conferring the jurisdiction provided, that if the adultery charged be denied, the court should direct a feigned issue to be made up, for the trial of the facts contested by the pleadings, by a jury of the country at some circuit court (1 *R. L.*, 197).

This provision relating to a trial by jury was incorporated into the Revised Statutes (1 *Rev. St.*, 145, *sec.* 40 ; 2 *Edm. N. Y. Stat.*, 150), and existed at the time of the Constitution of 1846, which provides (*art.* 1, *sec.* 2), as the Constitution of 1822 had previously provided, viz.: The trial by jury in all cases " in which it has been heretofore used shall remain inviolate forever." The word " heretofore," as used in this clause, means before 1846, and it cannot, to limit its mean-

Batzel agt. Batzel.

ing, be carried back to 1777, and confined to the cases which at that early period, were triable by jury (*Wynehamer* agt. *The People*, 13 *N. Y.*, 378, 427, 458).

Although, therefore, the issue or issues evolved by the pleadings were, according to the course of the ecclesiastical law, tried, not by a jury, but by the judge, who decided all questions both of law and of fact, and although the practice of the court of chancery, as it existed while this state was a colony, dispensed with trial by jury in all cases, except when specially directed by the court, the issue of adultery was, in this state, always required to be specially submitted to a jury, and at this time it must be so submitted, unless a trial by jury be waived in some mode prescribed by law.

There being no waiver in the case at bar, the motion for a revocation of the order awarding issues and the substitution of an order of reference must be denied; and as the question presented is somewhat novel, the denial should be without costs.