(160 App. Div. 240)

COHEN v. COHEN.

(Supreme Court, Appellate Division, First Department. January 23, 1914.)

1. JURY (§ 12*)—RIGHT TO TRIAL BY JURY—DIVORCE.

In an action for divorce, either party has an absolute right to a trial of the issue of adultery by a jury.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 27–34, 82, 99, 101, 103; Dec. Dig. § 12.*]

2. JURY (§ 25*)—SUBMISSION OF ISSUES—WAIVER OF RIGHT—DELAY IN MOVING.

Code Civ. Proc. § 1757, provides that if the answer in an action for divorce puts in issue the allegation of adultery, the court must, on the application of either party, make an order directing the trial by a jury of that issue, for which purpose the question to be tried must be prepared and settled as prescribed in section 970. Section 970 at one time provided that where a party was entitled by the Constitution or law to a trial by jury of one or more issues of fact, he might apply upon notice "at any time" for an order directing all the questions arising on those issues to be distinctly and plainly stated for trial accordingly, but by Laws 1892, c. 188, the words "at any time" were stricken out. Judiciary Law (Consol. Laws, c. 30) § 94, authorizes the Convention of Justices assigned to the Appellate Division to establish rules of practice not inconsistent with that law or the Code of Civil Procedure, which shall be binding upon all the courts in the state and all the judges and justices thereof, except the Court for the Trial of Impeachments and the Court of Appeals. Rule 31 (as amended) of the General Rules of Practice so established provides that where either party is entitled to have an issue or issues of fact settled for trial by jury as a matter of right or by leave of the court, the party desiring such trial must, within 20 days after issue joined, give notice of motion that all the issues or one or more specified issues be so tried, and that if such motion is not made within such time, the right to a trial by jury is waived. *Held*, that such rule is not inconsistent with the Code of Civil Procedure, and hence, where in an action for divorce a motion to frame issues for trial by jury was not made within 20 days after issue was joined the right to such trial was lost, and a motion thereafter made was properly denied.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. § 25.*]

3. COURTS (§ 85*)—RULES OF PRACTICE—OPERATION AND FORCE.

Under Judiciary Law (Consol. Laws, c. 30) § 94, authorizing the Convention of Justices assigned to the Appellate Division to establish rules

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of practice not inconsistent with that law or the Code of Civil Procedure, which shall be binding upon all the courts in the state and all the judges and justices thereof, except the Court for the Trial of Impeachments and the Court of Appeals, the rules so established have the effect of a statute, so far as they are not inconsistent with the Constitution or Judiciary Law, or the Code of Civil Procedure.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 294, 296–301; Dec. Dig. § 85.*]

Clarke and Dowling, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Louis Cohen against Rebecca Cohen for a divorce. From an order denying defendant's motion to frame issues for jury trial, she appeals. Affirmed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Samuel Wechsler, of New York City, for appellant.
Henry Greenberg, of New York City, for respondent.

INGRAHAM, P. J. [1, 2] I agree with my Brother CLARKE that the right to a trial by jury of an issue of adultery in an action for divorce is expressly provided for by law, and that either party to this action had an absolute right to a trial of that issue by a jury. The way in which such a trial is to be had and the time within which the application for such trial is to be made is, however, to be established by law, and it seems to me entirely clear that the Legislature had the power to provide the method by which a party demanding such a jury trial should proceed in the enforcement of his right.

Section 1757 of the Code of Civil Procedure provides that:

"If the answer puts in issue the allegation of adultery, the court must, upon the application of either party, or it may, of its own motion, make an order directing the trial, by a jury, of that issue; for which purpose the question to be tried must be prepared and settled, as prescribed in section 970"

—of the Code. There can be no doubt, I think, but that this provision prescribed the method by which a party to such an action who desires a trial by a jury must proceed. A motion must be made to have the issues to be tried by a jury plainly stated for that purpose. An action for a divorce is an action in equity by which the equitable power of the court is necessarily exercised in the final judgment. The only issue that the law requires to be tried by a jury is the issue of adultery. Either party who demands as a matter of right a trial of that issue must make a motion to have the issue settled, and the issue thus settled must be tried by a jury, or the court of its own motion, when the case comes on for trial may, by order, settle the issue to be tried and send it to be tried by a jury. Section 970 of the Code of Civil Procedure provides that:

"Where a party is entitled by the constitution, or by express provision of law, to a trial by a jury, of one or more issues of fact, in an action not specified in section 968 of this act, he may apply, upon notice, to the court for an order, directing all the questions arising upon those issues, to be distinctly and plainly stated for trial accordingly."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In this section which thus regulates the procedure in an action for divorce, where either party demands that the issue of adultery should be tried by a jury, there is no provision as to when this motion must be made. To enforce the right to a jury trial, however, a party to such an action must make the motion that the issues be settled; and, if he fails to make that motion within the time at which such a motion may be made by law, or by the Rules of Practice, the action may be tried by the court without a jury. The Code simply provides that a party seeking to enforce that right must make a motion to have the issues settled. The time within which that motion must be made not having been fixed by the Legislature, the time when the motion was to be made was left to be fixed by the General Rules of Practice. That the Legislature did not intend to settle that question appears by the fact that by chapter 208 of the Laws of 1891, section 970 of the Code was amended so as to provide that either party may apply upon notice *at any time* to the court for an order directing all issues or questions to be distinctly and plainly stated, for trial accordingly, thus allowing a motion to be made at any time before the actual trial; but by chapter 188 of the Laws of 1892 this section was amended by striking out the words "at any time," simply providing that the party may apply upon notice to the court for an order directing all questions arising upon those issues to be distinctly and plainly stated, for trial accordingly, without any provision for the time within which such a motion was to be made. Before the amendment of rule 31 of the General Rules of Practice which took effect September 1, 1910, there was no express provision regulating the time within which such a motion should be made in a case where a party had a right, under the Constitution or express provision of law, to a jury trial, and none of the authorities upon which my Brother CLARKE relies passed upon the question as to whether the Legislature or, in the absence of action by the Legislature, the Convention of Judges, had power to limit the time within which such a motion must be made. The Legislature having failed to prescribe the time within which such a motion must be made to entitle a party to an action for divorce to a jury trial, I think the Convention of Judges had power to prescribe that time. This was a mere question of practice. The Legislature prescribed that, to entitle a party to a jury trial in such an action, the party must move for an order settling the issues, but failed to prescribe the time within which such a motion must be made; and by the amendment of the Code passed in 1891, to which attention has been called, it appeared that the Legislature intentionally struck out a provision which allowed a motion to be made at any time, leaving the question of time within which such a motion must be made to be regulated by the General Rules of Practice.

[3] By section 94 of the Judiciary Law (chapter 35 of the Laws of 1909 [Consol. Laws, c. 30]) the Convention of Judges assigned to the Appellate Division is required to establish rules of practice not inconsistent with the Judiciary Law or the Code of Civil Procedure which should be binding upon all the courts in the state and all the judges and justices thereof, except the Court for the Trial of Impeachments and the Court of Appeals, and it is settled that these rules have the effect

of a statute so far as they are not inconsistent with the Constitution, the Judiciary Law, or the Code of Civil Procedure, and under the provisions of these rules the practice, so far as it is not specially regulated by the Code of Civil Procedure, is regulated.

The sole question, therefore, is whether rule 31, as amended in 1910, providing that when a motion is made under section 970 of the Code of Civil Procedure, it must be made within 20 days after the case is at issue, is inconsistent with the Judiciary Law and the Code of Civil Procedure, and it seems to me clear that it is not. As before stated, there is no provision of the Code regulating the time within which a motion to frame issues must be made. It is quite clear that a party would not have a right to notice an action for divorce for trial before a jury without obtaining such an order. The fact that he is required to make a motion and have the issues stated did not in any way impair his right to have the issues of adultery tried by a jury; and, if that is so, certainly a provision requiring him to make such a motion within a time specified does not at all impair his right to a trial by a jury; and, as the Convention of Judges had the power to make all rules regulating the practice—and this is clearly such a rule—not inconsistent with the Code, it seems to me that this question of time within which to make the motion was one left expressly by the Legislature for the consideration of the Convention of Judges, and a rule legally made by it, providing for the time within which such a motion was made, was within its jurisdiction, and was binding upon all the Supreme Court.

I think, therefore, that the rule was proper, that the motion was properly denied, and the order appealed from should be affirmed, with $10 costs and disbursements.

SCOTT and HOTCHKISS, JJ., concur.

CLARKE, J. (dissenting). The complaint alleged adultery upon two specified occasions with a person named, and with another person named—

"and other male persons at divers times during the months of July and August, 1913, at divers places in the borough of Brooklyn."

Issue was joined by the service of the answer on October 14, 1913. Under date of November 24th, plaintiff served a bill of particulars under which he limited his charge to the adultery alleged to have been committed with the first-named corespondent on the 18th and 22d days of September, 1913. By order to show cause granted two days thereafter, on November 26th, defendant moved for an order directing that the issues and questions of fact as stated be submitted to a jury for trial. This motion was denied upon the ground that the defendant had waived her right to a trial by a jury under rule 31 of the General Rules of Practice. Said rule provides as follows:

"In all actions where either party is entitled to have an issue or issues of fact settled for trial by a jury, either as a matter of right or by leave of the court if either party desires such a trial, the party must within twenty days after issue joined, give notice of motion that all the issues or one or more specific issues be so tried. If such motion is not made within such time, the right to a trial by jury is waived."

Section 1757 of the Code of Civil Procedure, governing practice in divorce actions, provides that:

"If the answer puts in issue the allegation of adultery, the court must, upon the application of either party, or it may, of its own motion, make an order directing the trial, by a jury, of that issue; for which purpose the questions to be tried must be prepared and settled, as prescribed in section 970 of this act."

Section 970 provides that:

"Where a party is entitled by the Constitution, or by express provision of law, to a trial by a jury, of one or more issues of fact, in an action not specified in section 968 of this act, he may apply, upon notice, to the court for an order, directing all the questions arising upon those issues, to be distinctly and plainly stated for trial accordingly. Upon the hearing of the application, the court must cause the issues, to the trial of which by a jury the party is entitled, to be distinctly and plainly stated. The subsequent proceedings are the same, as where questions arising upon the issues, are stated for a trial by a jury, in a case where neither party can, as of right, require such a trial; except that the finding of the jury upon such questions so stated, is conclusive in the action unless the verdict is set aside, or a new trial is granted."

Section 1009 of the Code of Civil Procedure provides that:

"A party may waive his right to the trial of the issue of fact, by a jury, in any of the following modes: 1. By failing to appear at the trial. 2. By filing with the clerk a written waiver, signed by the attorney for the party. 3. By an oral consent in open court, entered in the minutes. 4. By moving the trial of the action, without a jury, or if the adverse party so moves it, by failing to claim a trial by a jury, before the production of any evidence upon the trial."

The question presented is whether a party in an action on divorce can be deprived of the right to a jury trial of the issue of adultery, preserved by the Constitution and provided for by statute, by failing to move for such trial within 20 days after issue joined, under rule 31 of the General Rules of Practice.

It was settled in Wynehamer v. People, 13 N. Y. 378, that although the provisions of section 2, art. 1, of the Constitution of 1846, "The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever," were incorporated in the Constitutions of 1777 and 1821, the word "heretofore" did not limit the right to the cases so triable in 1777, but included all cases to which the right had been extended by law prior to the adoption of the Constitution of 1846.

It is settled law that the right to a jury trial of the issue of adultery in divorce actions is within the protection of the Constitution.

In Batzel v. Batzel, 42 N. Y. Super. Ct. 561, the General Term of the Superior Court by Freedman, J., said:

"In the state of New York jurisdiction over actions for the dissolution or suspension of the marriage contract was, by statute, conferred upon the Court of Chancery, and the act conferring the jurisdiction provided that if the adultery charged be denied, the court should direct a feigned issue to be made up, for the trial of the facts contested by the pleadings, by a jury of the country at some circuit court. 1 R. L. 197. This provision relating to a trial by jury was incorporated into the Revised Statutes (1 Rev. St. 145, § 40; 2 Edm. N. Y. Stat. 150), and existed at the time of the Constitution of 1846, which provides (article 1, § 2), as the Constitution of 1822 had previously provided, viz.: 'The trial by jury in all cases in which it has been

heretofore used, shall remain inviolate forever.' · The word 'heretofore,' as used in this clause, means before 1846, and it cannot, to limit its meaning, be carried back to 1777, and confined to the cases which, at that early period, were triable by jury. Wynehamer v. People, 13 N. Y. 378, 427, 458.' "

In Morrell v. Morrell, 17 Hun, 324, the General Term of the Supreme Court, First Department, said:

"The right of trial by jury upon issues relative to the legality of the marriage was secured, therefore, and this right was preserved by the Constitution (article 1, § 2, Const. 1846), although it might be waived in the manner to be prescribed by law (Id.). This latter provision gave the Legislature the power to declare in what way the right to trial by jury might be waived, and this power has been exercised. It is provided by section 1009 of the Code of Civil Procedure. * * * It does not appear that the plaintiff moved the trial of the action, unless the placing it upon the Special Term calendar was such an act, but it is clear that the plaintiff's right is not affected by that circumstance. He may demand the trial by jury when the case is called for trial. It has been held that a refusal to grant an order settling issues to be tried by jury does not deprive the party of his right to such a trial, which may be insisted upon when the cause is brought to trial. Colman v. Dixon, 50 N. Y. 572."

In Conderman v. Conderman, 44 Hun, 181, plaintiff on notice moved for an order directing the issues of adultery to be tried by a jury, and that they be framed. The motion was denied on the ground that the application was not made within 10 days after the issue was perfected. Bradley, J., Smith, Haight, and Lewis, JJ., concurring, said:

"The trial by jury of the issues of fact upon the question of the alleged adultery is a matter of right preserved by the Constitution. * * * The trial by jury of the question of adultery, when put in issue in an action for divorce, has been used ever since the power was given to the courts of this state to grant relief in such cases. This power was first transferred from the Legislature to the Court of Chancery by Laws of 1787 (chapter 69). In 1813 there was a further enactment on the subject. 2 R. L. 197. And afterwards it went into the revision of the statutes. 2 R. S. 145, § 40. The right of trial by jury in such cases was given by the statutes referred to, and was an existing right at the time of the adoption of the Constitution of 1846, and therefore comes within the provision before referred to of that instrument. Batzel v. Batzel, 42 N. Y. Super. Ct. 561; s. c., 54 How. Prac. 139; Dietz v. Dietz, 2 Hun, 339; Morrell v. Morrell, 17 Hun, 324. The trial by jury is a matter of right. The method before the Code was to send feigned issues to the jury for trial, for which the present statute has provided as a substitute that in such cases the party may, upon notice, apply to the court for an order directing the questions of fact arising upon those issues to be distinctly and plainly stated for trial by jury, and 'upon the hearing of the application the court must cause the issues * * * to be distinctly and plainly stated.' Code Civ. Pro. § 970. This is not a matter of discretion with the court. The right of trial by jury in this case takes with it the duty of the court to render such right available, according to the course and practice prescribed, and hence the provisions of the statute are imperative that the court, by order, direct the trial by jury, and cause the issues to be framed for that purpose. Id., § 1775. * * * The limitation of time for making such application, as matter of right, given by rule 31 of the court, is applicable to the cases embraced within the provisions of the section last referred to (971 of the Code), and those in which the framing of specific issues is not requisite for the trial, and cannot have the effect to qualify the right to make the application and to have it granted· in an action like this, where the right of trial by jury exists, and the framing of issues is essential to enable the party to have a trial of the issues in that manner. The rules of practice authorized are such as are not inconsistent with the statute. Code Civ. Pro. § 17. And they cannot have the effect to modify it or

to provide a practice not in·harmony with it. Rice v. Ehele; 55. N. Y. 518; Glenney v. Stedwell, 64 N. Y. 120; French v. Powers, 80 N. Y. 146; Palmer v. Phenix, 22 Hun, 224. The right to make the application, and the imperative requirement of the statute that it be granted do not seem to be the subject of modification or limitation by a rule of practice, so as to reduce it to a matter of discretion of the court if not made within 10 days after issue. Nor can the rule have the effect to produce a waiver of the right if not exercised within such limited time. The Constitution preserves the right of trial by jury in such case unless waived in the manner prescribed by law. The law has provided the manner that it may be waived. Code Civ. Pro. § 1009."

The Conderman Case was cited and followed in Lowenthal v. Lowenthal, 68 Hun, 366, 22 N. Y. Supp. 858. In the same case in the Court of Appeals (157 N. Y. 236, 51 N. E. 995) that court said:

"This issue is not framed in equity and sent to a jury to enlighten the conscience of the court, but is one where the party demanding it is entitled, by express provision of law, to a trial by jury, whose finding is conclusive, unless the verdict is set aside or a new trial is granted. Code Civ. Pro. § 970."

Also in Whitney v. Whitney, 76 Hun, 585, 28 N. Y. Supp. 214.
In Ulbricht v. Ulbricht, 89 Hun, 479, 35 N. Y. Supp. 324, the General Term, First Department, said:

"This action was brought for a divorce on the ground of adultery. The defendant was entitled as matter of right to a trial by jury of the issue of adultery; and she could only be deprived of that right in the manner provided for by the Code of Civil Procedure. She was not obligated to move the court for the purpose of framing the issues in order that they might be put in position to be tried by a jury."

Also in Wilcox v. Wilcox, 116 App. Div. 423, 101 N. Y. Supp. 828, where Mr. Justice McLaughlin, writing the unanimous opinion of this court, said:

"The act of adultery having been put in issue by the answer, the defendant had a right, if she so desired, to have the question determined by a jury. The Code so provides. Section 1757. But it is said that the defendant waived this right by noticing the cause for trial at Special Term. This does not follow. The only thing which the defendant did, after the plaintiff had served a notice for trial at Special Term, was to serve a similar notice. This did not prevent the insisting, before the cause had been actually moved· for trial, that the issue of adultery be sent to a jury. She had done nothing which could in any way be considered as having given up or waived this right. * * * Rule 31 of the General Rules of Practice does not apply. Conderman v. Conderman, 44 Hun, 191. This rule provides that in cases where the trial of issues of fact is not provided for by the Code, if either party shall desire a trial by jury, such party shall, within 10 days after issue joined, give notice of a special motion to be made upon the pleadings that the whole issue or any specific questions of fact involved therein be tried by a jury. But the trial of the issue, adultery, is provided for in the section of the Code above cited."

But after the foregoing cases were decided the Convention of Judges held in 1910 amended rule. 31 so as to read as quoted supra, and it is claimed that, as it in terms applies to "all actions" where a party is entitled to·have an issue settled for trial by a jury, "either as matter of right or by leave of the court," and provides that a motion therefor must be made within 20 days after issue joined, and if not so made "the right to a trial by jury is waived," said cases are no longer controlling.

It seems to me that the same course of reasoning which took this class of cases out of the purview of the old rule 31 is applicable to the new rule.   The power to make the general rules of practice was conferred by section 17 of the Code of Civil Procedure, now section 94 of the Judiciary Law (chapter 35, Laws 1909; c. 30, Cons. Laws):

"The Convention of Justices assigned to the Appellate Division, must establish rules of practice not inconsistent with this chapter or the Code of Civil Procedure, which shall be binding upon all courts in this state, and all the judges and justices thereof, except the court for the trial of impeachments and the Court of Appeals.   The rules thus established are styled 'the general rules of practice.' "

By express terms said rules were not to be inconsistent with the Code of Civil Procedure.

"The rules of practice authorized are such as are not inconsistent with the statute (Code Civ. Pro. 117), and they cannot have the .effect to modify it or provide a practice not in harmony with it (Rice v. Ehele, 55 N. Y. 518; Glenney v. Stedwell, 64 N. Y. 120; French v. Powers, 80 N. Y. 146)."   Conderman v. Conderman, supra.

The power to make rules was not extended so as to permit laws framed by the lawmaking power to be altered or repealed, and certainly not to affect or destroy constitutional rights.

Take the case at bar, within two days after the defendant knew what she had to meet by the service of the bill of particulars she made her motion.   She had been denied her statutory and constitutional right to have a jury pass upon her guilt or innocence because she did not, within 20 days after the formal joinder of issue—many of said issues now formally withdrawn by the plaintiff—make her motion.

' "The same constitutional provision which protects the right of a trial by jury provides, further, that it may, in civil suits, be waived by the parties in the manner to be prescribed by law.   The only manner which has been prescribed by law is expressed in section 266 of the Code.   *   *   *   For my own part, I do not see upon what ground it can be held that the party is to be precluded of his right to trial by jury in any other manner than the Code points out, unless it be by failing entirely to object.   *   *   *   A party cannot be deprived of this, his constitutional privilege, by a mere technicality."   People v. Albany & Susquehanna R. R. Co., 57 N. Y. 161.

"The failure to appeal from an order transferring the cause from one calendar to another was not a waiver of his constitutional right to trial by jury. The Code provides for the manner in which the right to trial by jury may be waived.   Code Civ. Pro. § 1009."   Allen v. Gray, 201 N. Y. 504, 94 N. E. 652, Ann. Cas. 1912B, 123.   .

The Constitution provides:

"But a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law."   Article 1, § 2.

As there is no time limitation in the law providing for a jury trial in a divorce case, nor in the law providing for the framing of issues in such case, and as it is provided that upon application the court *must* make the order, and as the law provides how a jury trial may be waived, I conclude that the rule limiting the time in which the motion must be made, and providing that if not so made, trial by jury is waived so far as cases of the character of that at bar is concerned is

inconsistent with the Code of Civil Procedure, unwarrantably deprives a litigant of a constitutional right, and hence is not binding.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to the appellant.

DOWLING, J., concurs.