(160 App. Div. 477)

### HALGREN v. HALGREN.

(Supreme Court, Appellate Division, Second Department. February 6, 1914.)

1. JURY (§ 28*)—JURY TRIAL—WAIVER.

　　In a suit for divorce on the ground of adultery, the service by defendant of a cross-notice of trial for Special Term is no waiver of the right to trial by jury.

　　[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196; Dec. Dig. § 28.*]

2. JURY (§ 18*)—JURY TRIAL—DIVORCE.

　　As the right to trial by jury on the issue of adultery in suits for divorce was recognized before the adoption of Const. art. 1, § 2, providing that the trial by jury in all cases in which it has been heretofore used shall remain inviolate, that right is preserved.

　　[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 99–103; Dec. Dig. § 18.*]

3. JURY (§ 25*)—JURY TRIAL—WAIVER—DIVORCE.

　　While Const. art. 1, § 2, provides for waiver of the right to trial by jury, a noncompliance with General Rules of Practice 31, as to notice of motion for trial by jury, will not preclude a party from the right to a trial by jury, for Code Civ. Proc. § 1009, provides that a party may waive his right to trial by jury by failing to claim a trial by jury before the production of any evidence upon the trial, and a rule of practice cannot stand when inconsistent with the Code.

　　[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. § 25.*]

Appeal from Special Term, Queens County.

Action by Charles G. Halgren against Florence Ross Halgren. From an order of the Special Term granting defendant a jury trial, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and STAPLETON, JJ.

George W. Bristol, of New York City, for appellant.

Franklin A. Coles, of New York City, for respondent.

STAPLETON, J. This is an action for a divorce. Issue was joined on the charge of adultery. The cause was noticed for trial at a Special Term of the court. The defendant applied, upon notice to the plaintiff, for an order directing the questions arising on the issue to be plainly and distinctly stated for trial by a jury. Sections 970, 1757, Code of Civil Procedure. The order from which the appeal is taken granted this relief.

[1] The defendant did not waive her right to a trial by jury in any of the modes prescribed by section 1009 of the Code of Civil Procedure. She did serve a cross-notice of trial for Special Term. In an action of this character that practice was proper and constituted no waiver. Wilcox v. Wilcox, 116 App. Div. 423, 101 N. Y. Supp. 828.

[2, 3] It is conceded that the defendant did not make the application within 20 days after issue was joined. The validity of the order is

─────────────────────────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

challenged. The ground of the challenge is rule 31 of the General Rules of Practice, which inter alia embraces the following provision:

"In all actions where either party is entitled to have an issue or issues of fact settled for trial by a jury, either as a matter of right or by leave of the court, if either party desires such a trial, the party must within twenty days after issue joined, give notice of motion that all the issues or one or more specific issues be so tried. If such motion is not made within such time, the right to a trial by jury is waived."

The rule was amended in this particular in April, 1910. The rule, prior to the amendment, read:

"In cases where the trial of issues of fact is not provided for by the Code, if either party shall desire a trial by jury, such party shall, within ten days after issue joined, give notice of a special motion to be made upon the pleadings, that the whole issue or any specific questions of fact involved therein, be tried by a jury."

As it was then written, it was held not to have the effect of qualifying the right of a party to make an application and have it granted in an action for a divorce, where the right to a trial by jury of the issue of adultery exists. Conderman v. Conderman, 44 Hun, 181. The question now to be determined is: Does a failure to observe the rule as amended carry with it a waiver of a party's constitutional right to a trial by jury of the issue of adultery in an action for a divorce? Our answer is: It does not. The reasons for our conclusion are: The Constitution reads:

"The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law." Article 1, § 2.

The trial by jury of the issue of adultery was used before the adoption of the Constitution. Conderman v. Conderman, ut supra.

The modes by which a jury trial may be waived have been prescribed by law. Section 1009, Code of Civil Procedure. The mode prescribed by the rule is not expressed in the statute. A rule of practice may not be inconsistent with the Code of Civil Procedure. Laws 1909, c. 35, § 94 (Judiciary Law; Consol. Laws, c. 30). When the lawmaking authority expressly enumerates the modes by which an object may be accomplished, a body to which it delegates its power, with an inhibition against exercising it inconsistently with written law, may not alter the provision by increasing the number of modes. In Glenney v. Stedwell, 64 N. Y. 120, the court said:

"It is enough to say that the rule cannot alter the statute (Rice v. Ehele, 55 N. Y. 518), and the latter must be interpreted and followed."

The rule as amended was unauthorized in so far as it was an attempt to limit the constitutional right to a trial by jury of the issue of adultery in an action for divorce by prescribing a mode of waiver not included in a statutory provision legislating upon the same subject-matter.

Since this opinion was written, we have read the prevailing and dissenting opinions in Cohen v. Cohen, 145 N. Y. Supp. 652, recently decided by the Appellate Division in the First Department. By a close

vote in that court the views expressed herein are not approved. We are nevertheless constrained to adhere to our determination.

I advise affirmance of the order, with $10 costs and disbursements. All concur.