(86 Misc. Rep. 495)

## MOOT v. MOOT.

(Supreme Court, Special Term, Schenectady County. July, 1914.)

1. JURY (§ 12*)—RIGHT TO JURY TRIAL—ISSUE OF ADULTERY IN DIVORCE SUIT.
   Const. art. 1, § 2, providing that trial by jury shall remain inviolate, gives a right to a trial by jury on the issue of adultery, in a suit for divorce.

   [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 27–34, 82, 99, 101, 103; Dec. Dig. § 12.*]

2. JURY (§ 25*)—RIGHT TO JURY TRIAL—WAIVER—RULES OF COURT—VALIDITY —ISSUE OF ADULTERY IN DIVORCE SUIT.
   General Rules of Practice, rule 31, providing that the right to a jury trial is waived, unless notice be given within 20 days after issue joined, is invalid in so far as it attempts to limit the right given by Const. art. 1, § 2, to a jury trial on the issue of adultery, in a suit for divorce by prescribing a mode of waiver not included within Code Civ. Proc. § 1009, prescribing how the right to a jury trial may be waived.

   [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. § 25.*]

3. JURY (§ 25*)—RIGHT TO JURY TRIAL—WAIVER—RULES OF COURT—VALIDITY —ISSUE OF ADULTERY IN DIVORCE SUIT.
   General Rules of Practice, rule 31, providing that the right to a jury trial is waived, unless notice be given within 20 days after issue joined, does not give a party to a divorce suit a reasonable time within which to assert his right under Const. art. 1, § 2, to a jury trial on the issue of adultery.

   [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. § 25.*]

4. JURY (§ 25*)—NOTICE OF JURY TRIAL—ISSUE OF ADULTERY IN DIVORCE SUIT.
   An answer in a divorce suit, joining issue on the charge of adultery, was served January 5th, a motion to change the place of trial was denied February 3d, an order to show cause why a bill of particulars should not be furnished by plaintiff was served February 9th, and an order for a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bill of particulars was made February 23d. Such order was modified and affirmed on appeal on May 14th, and the bill of particulars was furnished five days later. *Held*, that a motion thereafter made, for an order directing that the question arising on the issue of adultery be stated for trial by jury, should be granted, over an objection that the right to a jury trial had been waived.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. § 25.*]

Action by Richmond D. Moot against Margaret A. Moot, for divorce. Motion for trial by jury. Granted.

See, also, 147 N. Y. Supp. 1128.

Daniel Naylon, Jr., of Schenectady, for plaintiff.
J. A. Kellogg, of Glen Falls, for defendant.

· VAN KIRK, J. This is an action for divorce. The summons and complaint were served December 4, 1913. The answer, joining issue on the charge of adultery, was served January 5, 1914. On the 10th day of January, 1914, defendant noticed a motion to change the place of trial, which motion was heard January 19th and denied on the 3d day of February. On the 9th day of February an order to show cause why a bill of particulars should not be furnished by the plaintiff was served and an order for a bill of particulars made February·23d. Upon appeal this order was modified and affirmed May 14, 1914; the bill of particulars was furnished May 19th. The plaintiff now applies to the court for an order directing that the questions arising upon the issue of adultery be distinctly and plainly stated for trial by a jury.

The plaintiff has not waived his right to a trial by jury, unless under rule 31 of the general rules of practice. This same question has recently and almost simultaneously been considered by the Appellate Division in the First and Second Departments. In the First Department, the majority of the court upheld the rule and denied the moving party a trial by jury because of the waiver therein declared. Two of the justices dissented in an opinion, in which it is held that the rule does not apply to this class of cases, and that it is inconsistent with the Code of Civil Procedure, § 1009. Cohen v. Cohen, 160 App. Div. 240, 244, 145 N. Y. Supp. 652. In Halgren v. Halgren, 160 App. Div. 477, 145 N. Y. Supp. 987, the Appellate Division in the Second Department, after reading the opinions in the Cohen Case, unanimously held that the rule was unauthorized, so far as it was an attempt to limit the constitutional right to a trial by jury of an issue of adultery, in an action for divorce, by prescribing a mode of waiver not included in the statutory provision legislating upon the same subject. Code Civ. Proc. § 1009. Neither of these decisions is in this department; and, the two decisions being made so nearly at the same time, it seems the duty of this court to choose which decision it will follow.

[1] Article 1, § 2, of the Constitution, reads:

"The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever; but a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This provision of the Constitution covers the trial by jury of the issu· of adultery. Cases cited above; Conderman v. Conderman, 44 Hun 181.

Section 970 of the Code reads:

"Where a party is entitled by the Constitution, or by express provision of law, to a trial by a jury, of one or more issues of fact, in an action not specified in section nine hundred and sixty-eight of this act, he may apply, upon notice, to the court for an order, directing all the questions arising upon those issues, to be distinctly and plainly stated for trial accordingly."

Section 1757, relating to actions for divorce, contains the following·

"If the answer puts in issue the allegation of adultery, the court must, upon the application of either party, or it may, of its own motion, make an order directing the trial, by a jury, of that issue; for which purpose the questions to be tried must be prepared and settled, as prescribed in section nine hundred and seventy of this act."

Rule 31 is as follows:

"In all actions where either party is entitled to have an issue or issues of fact settled for trial by a jury, either as a matter of right or by leave of the court, if either party desires such a trial, the party must, within 20 days after issue joined, give notice of motion that all the issues or one or more specific issues be so tried. If such motion is not made within such time, the right to a trial by jury is waived."

The Code, therefore, does not prescribe any time within which the application must be made, but it does permit the court of its own motion, at the trial, to direct a trial by jury. The rule puts a limit upon the time within which the motion must be made, and then declares a waiver, if the motion be not made within the time limited.

[2] Under the authorities cited in Halgren v. Halgren, and in the dissenting opinion in Cohen v. Cohen, it seems to me this declared waiver is in conflict with the Code, if section 1009 covers the trial of the issue of adultery. Section 1008 refers to "an action triable by a jury." It plainly does not apply to equity actions generally, in which issues of fact are triable by jury only under direction of the court. It provides that, if the parties waive a trial by jury, the issue of fact is to be tried by the court.

"(1) But such an action, other than to recover damages for breach of a contract, cannot be tried by the court, without a jury, unless the judge, presiding at the term where it is brought on for trial, assents to such a trial. (2) His refusal so to assent annuls a waiver, made as prescribed in subdivisions second, third, or fourth of the next section."

While this language is inapt, if this section covers equity actions, because no consent of the judge is necessary to try an equity action without a jury, it is apt, if the section covers the trial of the issue of adultery, because by express provision of the Code, even though neither party has asked for a jury trial, the judge presiding may direct an issue of adultery to be tried by a jury; and, if the parties have waived a jury trial, the court may still direct the issue to be tried by a jury; that is, he may refuse to assent to the waiver. While the next section (1009) evidently covers the cases included in 1008, there is a change in the wording:

"A party may waive his right to the trial of the issue of fact, by a jury, in any of the following modes."

Then follow four modes, within none of which does this case come. The right to a trial by jury of the issue of adultery is a constitutional right. It is not given by the consent of the court; it is absolute, and upon an application therefor, so far as the Code provides, the court is required to state the issues and order a jury trial. So that the language of section 1009 exactly covers this case. The section is not by its language confined to "an action triable by a jury," or all the issues of which are triable by jury.

In Conderman v. Conderman, supra, is language which distinguishes this case from those equity actions in which trial by jury is not a right; and it is a fair inference from the discussion that the only waiver binding on a party to an issue of adultery is that provided by the statute (section 1009).

In Mackellar v. Rogers, 109 N. Y. 468, 472, 17 N. E. 350, 352, it was held that defendant, in noticing the issue of adultery joined for trial, at a court of which a jury forms no part, was inconsistent with any intent to take advantage of a jury trial, and says:

"The Code, § 1009, specifies certain modes by which trial by jury may be waived, but the provision is not exclusive, and the same effect may be given to any evidence, either of conduct or acquiescence, by a party, which in other cases would require à conclusion that a right designed for his benefit had been waived."

That was an equity action, in which a counterclaim was set up, demanding a money judgment. In the headnote is this:

"It seems that where a counterclaim is interposed in an equity action, and the defendant demands thereon an affirmative judgment for money, he is not entitled, under the Code of Civil Procedure, § 974, to a trial by jury as of course; but, if he desires such a trial, he must apply upon notice to the court for an order."

Judge Werner said, in Allen v. Gray, 201 N. Y. 507, 90 N. E. 652, Ann. Cas. 1912B, 123, which was an action at law triable by a jury, after holding that a failure to appeal from an order transferring the case from the jury calendar to the Special Term calendar was not a waiver of the constitutional right to a trial by jury:

"The Code provides the manner in which the right to trial by a jury may be waived. Code Civ. Pro. § 1009."

The Mackellar Case does not go further than to cover voluntary acts disclosing the intent of the party to waive his right to a trial by jury. It is not a holding that any other limitations, forcing an unwilling waiver, may be made. And it is a fair inference, from the holding in the Allen Case, that where the trial of the issue is a right, is guaranteed by the Constitution, the only waivers which will be enforced against an unwilling party are those named in section 1009. It seems to me that section 1009 covers this case in which a party has the right to try an issue of fact by a jury, in which such right is guaranteed by the Constitution. This right assured in the Constitution puts upon the court the duty to give the opportunity, unless the right is waived in the manner to be prescribed by law; and that manner, it seems to me, is prescribed in said section of the Code with which the rule conflicts. I therefore prefer the decision in the Halgren Case.

149 N.Y.S.—20

[3] There is also a further serious question. Every limitation put upon the enjoyment of a right assured by the Constitution must preserve to the party holding the right a reasonable opportunity to assert it. 25 Cyc. 986, 987; People v. Turner, 117 N. Y. 227, 233, 22 N. E. 1022, 15 Am. St. Rep. 498; Williams v. Village of Port Chester, 72 App. Div. 506, 515, 76 N. Y. Supp. 631. Does this rule 31 give a reasonable time? Or is it so manifestly inadequate as to amount to a denial of the right? Twenty days, beginning immediately after issue joined, is a narrow limit. I suspect that but few lawyers (and those much experienced in divorce actions) realize the existence of this rule as applicable to divorce cases. The Code does not suggest a time limit for the motion; and if one looked at section 1009, which provides how a party may waive his right "to a trial of an issue of fact by a jury," he would naturally conclude that any time before trial he could make his motion, under section 1757. Thus, while following language in the Constitution and Code, which, in its ordinary meaning, covers his case, and while his attention is absorbed in other timely motions, his client would be deprived of his constitutional right by this short limitation. This rule requires the motion for a jury trial to be made within the time the complaint or the answer may be amended as of course. Code Civ. Pro. § 542. If the answer contains a counter charge of adultery, 20 days are allowed for a reply. Or, if new matter, condonation, for example, be set up in the answer, "by way of avoidance," the court may, on defendant's application, direct plaintiff to reply. Code Civ. Pro. § 516. This may well consume more than 20 days after issue on the charge of adultery is joined, before the pleadings are in; and the reply might avoid all necessity for a jury trial of the issue of adultery. Often the allegations charging adultery are general, and a bill of particulars is needed. The motion for a bill of particulars is sometimes premature, if made before issue joined. Watertown Paper Co. v. West, 3 App. Div. 451, 39 N. Y. Supp. 229. And sometimes, being denied, a motion is thereafter granted to prepare for trial of the issue of adultery. Bullock v. Bullock, 85 Hun, 373, 32 N. Y. Supp. 1009. And a case might easily arise in which the defendant would desire to know the particulars of the charge before demanding a jury trial. Also a motion to change the place of trial must be made at the earliest practicable time after issue joined. Rule 48; Darragh v. McKim, 2 Hun, 337. Very good reasons may exist why a party entitled to a jury trial of this issue would not desire to make the motion until the place of trial had been determined. For instance, the time of trial at a jury term is much more uncertain than at a law term; and the expense of waiting the call of a jury case might determine whether or not one would be demanded.

[4] In this case a motion to change the place of trial was noticed on the 10th of January, and was not decided until February 3d; a motion for a bill of particulars was made on the 9th of February, and was decided by the Special Term February 23d, and on appeal May 14th. So that, under the rule, the plaintiff must in this case have made his motion for a jury trial before the motion for a bill of particulars was made and before the motion to change the place of trial was determined, as well as before the time to amend, either the complaint or the answer, as of course, had expired. Considering the circumstances as they ex-

isted in this case, it seems to me that the party having a right to a jury trial under the Constitution is not given under this rule a reasonable time in which to assert his right.

I realize that this rule was made by a convention of judges, under the authority of the Judiciary Law (Consol. Laws, c. 30), and that it is binding upon this court, but it may well be that the convention did not have in mind all of the circumstances that might arise to embarrass a party liable to be deprived by this rule of his constitutional right; and the court, which has authority to determine the reasonableness of a limitation enacted by the Legislature, is called upon to determine the reasonableness of this rule.

The motion is granted, and an order accordingly will issue.

Motion granted.