MOOT v. MOOT. (No. 260/31.)

(Supreme Court, Appellate Division, Third Department. November 11, 1914.)

JURY (§ 31*)—TRIAL BY JURY—RIGHT—LOSS—WAIVER—DIVORCE ACTION—ISSUE OF ADULTERY—COURT RULES.

　　Code Civ. Proc. § 970, provides that a party entitled to a jury trial may apply on notice to the court for an order directing the issue of adultery to be stated for trial accordingly. Const. art. 1, § 2, and Code Civ. Proc. § 1757, declare that where, in an action for divorce, the answer puts in issue the allegation of adultery, the court must,' on application, order a trial of that issue by a jury, the questions to be tried to be settled as prescribed in section 970. *Held*, that the constitutional right to a trial of the issue of adultery by jury cannot be taken away, if claimed at any time before trial, and general practice rule 31, declaring that a failure to apply for a jury trial within 20. days after joinder of issue shall be a waiver of the right, is unconstitutional, so far as the trial of an issue of adultery in a divorce action is concerned.

　　[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 204–219; Dec. Dig. § 31.*]

　　Smith, P. J., dissenting.

Appeal from Special Term, Schenectady County.

Action by Richmond D. Moot against Margaret A. Moot. From an order granting a motion to settle the issues of adultery for a trial by jury (86 Misc. Rep. 495, 149 N. Y. Supp. 302), plaintiff appeals. Affirmed.

See, also, 147 N. Y. Supp. 1128.

Argued before SMITH, P. J., and KELLOGG, LYON, and HOWARD, JJ.

Hoyt & Spratt, of Buffalo (Alfred L. Becker, of Buffalo, of counsel), for appellant.

Daniel Naylon, Jr., of Schenectady, for respondent.

HOWARD, J. This is an action for an absolute divorce. The issue of adultery was joined by the pleadings. The plaintiff herein did not apply to the court to have that issue tried by a jury, and to have it distinctly and plainly stated, until after more than 20 days had elapsed after the joinder of issue. Rule 31 of the general rules of practice requires that such an application must be made within 20 days after the joinder of issue. The rule further declares that a failure to make the application within such time constitutes a waiver of the right to a jury trial. Therefore the only question to determine here is whether the failure of the plaintiff to ask for a jury trial within the time limit set by rule 31 does constitute a waiver of his right.

We have concluded that it does not. This question has been written upon several times previously, and we do not deem it necessary to add greatly to what has been said. The history of the legislation, and references to all the adjudications on the subject, appear in the previous opinions. The question first arose in the First department, in Cohen v. Cohen, 160 App. Div. 240, 145 N. Y. Supp. 652. There the court was divided, the majority of the court holding contrary to our view here. The question next presented itself in the Second department, in Halgren v. Halgren, 160 App. Div. 477, 145 N. Y. Supp. 987, where rule 31 was held to be unconstitutional. We are in accord with the views briefly expressed there and with the more elaborate dissenting opinion in Cohen v. Cohen, supra, as well as with the opinion of the learned justice who wrote in the Special Term below.

In addition to what has been said in the other opinions, it is well to note the exact language of sections 970 and 1757 of the Code. Section 1757, which relates exclusively to divorce, says:

"If the answer puts in issue the allegation of adultery, the court must, upon the application of either party, or it may, of its own motion, make an order directing the trial, by a jury, of that issue; for which purpose the questions to be tried must be prepared and settled, as prescribed in section nine hundred and seventy of this act."

In other words, if either party asks for it, the court must make an order directing a jury trial, in which case the procedure outlined in section 970 must be followed. Now let us look at section 970. A party entitled to a jury trial by express provision of law (and section 1757 is an express provision of law) "*may apply*," section 970 says, "upon notice, to the court for an order, directing all the questions arising upon those issues, to be distinctly and plainly stated for trial accordingly." He may do this or not as he chooses. It is only a suggestion; not a command. He may decide at the last moment, on the day of trial, that he wishes a jury. If he does so decide, he is entitled to it. This may result in some inconvenience; but a constitutional guaranty is superior to convenience. It will thus be observed that the Legislature has been exceedingly careful not to foreclose suitors, at any stage of the litigation, of their constitutional right to a jury trial. A rule of practice which conflicts with these provisions of the Code is, of course, inconsistent with it, and therefore invalid.

Under the Constitution (article 1, section 2) the plaintiff is entitled to have the issue of adultery joined herein tried by a jury. Conderman · v. Conderman, 44 Hun, 181. Section 1757 of the Code also

accords to him this right. He may waive the right, but he cannot be deprived of it. He may waive the right in one of the ways pointed out in section 1009 of the Code; but no one can impose conditions upon him which operate as a waiver. On no day during the pendency of the suit can anybody, except the litigant himself, put his right in jeopardy.

The Constitution is the fundamental law of the state; neither legislators nor judges are permitted to trench upon it. Any act of the Legislature or rule of the judges which narrows or limits or fetters the rights of the people as guaranteed to them by the Constitution is void and wholly ineffectual. The convention of judges may make rules which have the force and effect of laws; but they may not make rules which override the laws. They are authorized to make rules of procedure to assist litigants in approaching the court; but they are not authorized to destroy the basic law of the state, nor abrogate the statutes. And neither can the convention of judges, by formulating rules for the exercise of a constitutional right, deprive the citizen of such a right. In enacting rule 31 the convention of judges, of course, had no thought of infringing upon the Constitution; the rule, however, is, on that account, none the less destructive.

The Constitution declares that the parties to a suit of this kind shall have the right to a trial by jury—have the right, not for 20 days, but forever. The Legislature, in enacting the various sections of the Code on the subject, has disclosed a purpose to be cautious not to cripple, nor to permit the convention of judges to cripple, the citizen in the exercise of this right; on the contrary, it has reiterated and confirmed the right by the explicit language of section 1757 of the Code—confirmed it without condition, stint, or limit. And it is well that the Legislature has not permitted the courts, even though they do so inadvertently, to make rules which defeat, in any particular, the spirit of the Constitution; for no rule enacted merely for the accommodation of the courts should predominate over constitutional rights. It is clear that rule 31 does hamper the citizen in the exercise of his right to a jury trial in divorce suits; and, in the case before us, it has utterly deprived the plaintiff of that right. This cannot be; this renders the rule repugnant to the Constitution, and makes it void.

The order should be affirmed, with costs. All concur, except SMITH, P. J., who dissents.