STAFFORD v. STAFFORD.

(Supreme Court, Appellate Division, Fourth Department. November 18, 1914.)

1. JURY (§ 28*)—RIGHT TO TRIAL BY JURY—WAIVER.

An order, in an action by a wife for divorce for adultery, which denies her temporary alimony and provides that the case may be noticed for trial and placed on the calendar of the equity term to begin on a designated date, and on the first day calendar, and be tried in the fore part of the term, does not show a waiver by defendant of his right to a jury trial; it not appearing that the order was granted on the condition of his waiving a jury trial.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196; Dec. Dig. § 28.*]

2. JURY (§ 25*)—RIGHT TO TRIAL BY JURY—MOTION—TIME TO MAKE.

Rule 31, General Rules of Practice, which provides that in certain cases, if a motion for trial by jury is not made within 20 days after issue joined, the right to trial by jury is waived, contravenes, in cases in which a party is entitled to a jury trial as a matter of right, Code Civ. Proc. § 1009, prescribing specifically how a party may waive his right to a trial by jury, not including a failure to move within the time prescribed by the rule, and an application for a trial by jury, not made within the 20 days fixed by the rule, but seasonably before the term of court, is in time.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. § 25.*]

Appeal from Special Term, Erie County.

Action by Augusta C. Stafford against Frank B. Stafford. From an order denying a motion for a jury trial, defendant appeals. Reversed, and motion granted.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

E. C. Schlenker, of Buffalo, for appellant.
Clifford J. Chipman, of Buffalo, for respondent.

KRUSE, P. J. [1, 2] We are of the opinion that the defendant did not waive his constitutional right to a trial by jury of the issue raised by his answer denying the adultery charged in the complaint. While the order granted September 11, 1914, denying the temporary alimony, also provided that the case might be noticed for trial and placed upon the calendar of the Equity Term to begin October 5, 1914, and upon the first day calendar, and be tried in the fore part of the term, there is nothing in the order that the defendant should be deprived of having the question of adultery tried by a jury, as is his right, or that the order was granted upon that condition; and certainly it cannot be claimed that the defendant unduly delayed his application to settle the issues, as is prescribed by the Code of Civil Procedure. Sections 970, 1757. The notice of motion for such an order is dated September 11, 1914, and the application was heard on the 21st day of September, two weeks before the commencement of the Equity Term. It is true that the application was not made within 20 days after the issue had been joined, and that rule 31 of the General Rules of Practice provides that if the motion is not made within that time the right to a trial by jury is waived;

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whether the party is entitled to a trial by jury as a matter of 'right or by leave of the court; but we think that as to actions where a party is entitled to have the issue tried as a matter of right, the rule contravenes the provisions of section 1009 of the Code of Civil Procedure, which prescribes specifically how a party may waive his right to a trial by jury, and the failure to move within the time prescribed by the rules of practice is not one of the modes of waiving such right.

We do not hold that if the defendant had offered to waive a jury trial to avoid the payment of temporary alimony, and the temporary alimony had been denied upon the condition that the defendant should waive such right, that he would not be estopped thereby and precluded from having a jury trial; but, as before pointed out, the order does not show that the temporary alimony was denied upon any such condition.

The Second Department affirmed an order directing issues to be tried in a divorce case, under circumstances substantially like those in this case. Halgren v. Halgren, 160 App. Div. 477, 145 N. Y. Supp. 987. In the First Department it was held in a similar case (Cohen v. Cohen, 160 App. Div. 240, 145 N. Y. Supp. 652) that the rule did not conflict with the provisions of the Code, and that, by not making the application to settle the issues and direct a jury trial within the time prescribed by the rules, the right to a jury trial had been waived. We deem it sufficient to say that we agree with the reasoning of the opinion of the court in the Second Department and the dissenting opinion in the case in the First Department.

If that conclusion is correct, it follows that the order should be reversed, and the motion granted. The questions submitted in the motion papers seem to cover the ground, and may be embodied in the order, and directed to be tried by a jury. All concur.

