Elizabeth Hudson, Respondent, *v.* Leonard Caryl, Appellant.

In an action to abate a nuisance and recover the damages occasioned thereby, trial by jury is a matter of right.

Even if the complaint is in form as for equitable relief against the continuance of a nuisance, and the prayer for damages may be regarded as incidental thereto, yet, as the existence of an alleged nuisance and the amount of damages were both inquired of by jury, before the adoption of the present Constitution, the constitutional guaranty of trial by jury applies to such an action, as one of the " cases in which it has been heretofore used."

(Argued September, 1870.    Decided May 13th, 1871.)

Appeal from an order of the General Term of the Supreme Court in the sixth district, affirming a judgment in favor of the plaintiff.

The action was commenced in April, 1863, to recover damages for an alleged injury, occasioned by raising the waters of Schenevus creek, by a mill dam, so as to overflow the lands of the plaintiff, and to compel the removal of such dam.

There was no allegation in the complaint that the dam was a nuisance, but simply a statement of the facts, as to the over flowing of the plaintiff's land, by means of such dam, and the injury resulting therefrom.

The prayer for judgment was that the defendant " be compelled to take away or lower his said dam, so as to cease obstructing said stream to the injury of the plaintiff, as aforesaid, and not rebuild the same; and that he pay plaintiff all damages she shall have suffered from such obstruction, * * * or for such further or other judgment as shall be agreeable to equity," with costs.

When the cause came to trial, the defendant claimed the right of trial by jury, which was denied, and the trial was by the judge without a jury.

Judgment was rendered in favor of the plaintiff for damages, and that the dam be "lowered so as not to set back water on to plaintiff's land."

The defendant appealed to the General Term, where the judgment was affirmed; and he then appealed to the Court of Appeals.

*Amasa J. Parker*, for the appellant, as to the right to a jury trial, cited 2 R. S., 333, § 7; Const. Art. 1, § 2; *Fire Department* v. *Harrison* (2 Hilt., 455); 17 How., 273; *Murray* v. *Hay* (1 Barb., Ch. 65); *Brady* v. *Weeks* (3 Barb., 157); *Wynehamer* v. *The People* (3 Kern., 426); *Stevenson* v. *Buxton* (15 Abb., 352); *Davis* v. *Morris* (36 N. Y., 569); *McKeon* v. *Lee* (4 Robt., 449).

*E. E. Ferrey*, for the respondent, as to this point, insisted that this was an action in equity and was properly tried as such, citing *Knox* v. *Mayor of New York* (38 How., 67), and cases there cited.

GRAY, C. Before, as well as since the writ of nuisance was by the Code abolished, the right existed to maintain an action for the removal of a nuisance, which, when brought, was exclusively of equitable cognizance, properly triable at Special Term and not by jury, unless the court in its discretion should otherwise order. An action at common-law might also have been maintained, for the recovery of the damages occasioned by the nuisance, which was exclusively of common-law jurisdiction, and triable at circuit and always by a jury, unless the parties should otherwise agree. The only change wrought by the Code was the substitution of an ordinary action for " both " the removal of the nuisance and the recovery of the damages occasioned by it, instead of the writ of nuisance, and that is this case. This action is for both, in which, as Blackstone has it, judgment is demanded against the defendant " of two things :" 1st. That the defendant take away or lower his dam, so as to cease obstructing the stream to the injury of the plaintiff. 2d. That the defendant pay to the plaintiff all the damages she has suffered from the obstruction. The defendant, having taken issue upon the allegations in the complaint upon which the demand for judg-

ment was founded, and relying upon a provision of the Constitution of this State, that the trial by jury, in all cases in which it had been theretofore used, should remain inviolate forever. Art. 1, § 2, Const., 1846, demanded that the issues be tried by jury, and his demand was overruled. In this the court erred. The rule stated in *Davis* v. *Morris* (36 N. Y., 569, 572–3), is that when the facts stated, arising (as in this case) out of the same transaction, entitle a party to both kinds of relief, the right founded upon the common-law must be tried by jury; and when at the Special Term such trial is demanded, the judge must determine whether any of the grounds, upon which the recovery is sought, were such as, at the adoption of the Constitution, were redressed solely by action at law, and if so, direct that the cause be tried by jury. But, whatever may be said or decided in regard to the trial of other actions, in which two causes of action, one exclusively of legal, and another exclusively of equitable cognizance, arising out of the same transaction, are united, this action should, for an independent reason, have been tried by jury, and that is that the action, when brought for the double object of removing the nuisance and recovering the damages occasioned by it, was always tried by jury. The ancient remedy was by an assize of nuisance, commanding the sheriff to summon a jury and view the premises; and if the jury found for the plaintiff, he was entitled to judgment "of two things:" 1st, to have the nuisance abated; and 2d, to recover damages. (3 Blackstone Com., 220.) That remedy, subject to certain statutory provisions, was continued in this State, with a provision that, in all cases, "*the jury* that inquired of the nuisance was required to assess the damages occasioned thereby," (2 R. S., Edmunds' ed., 556, 557); and the execution which followed the judgment directed the sheriff to remove the nuisance and collect the damages and costs. (2 Burrill Pr., 262.) Thus it will be seen that, in this single action, brought for the double purpose of abating a nuisance and the recovery of damages occasioned by it, by whatever name the remedy may have been styled,

a case is presented in which a trial by jury has been heretofore used; and hence, that an error was committed in refusing the defendant's demand and proceeding to judgment against him. The judgments of the Special and General Terms must be reversed, and a new trial ordered.

For reversal, GRAY and LEONARD, CC., and LOTT, Ch. C. For affirmance, HUNT and EARL, CC.

Judgment reversed and new trial ordered, costs to abide the event.

END OF THE MAY TERM.