JOHN M. COOK, Respondent, v. EDWARD M. JENKINS,. Appellant.

*It seems* that the provision of the Code of Civil Procedure (§ 974), in reference to the mode of trial when defendant interposes a counter-claim, and demands an affirmative judgment, and an issue of fact is joined thereon, applies only when the counter-claim sets up matter for which a separate action might be maintained.

In an action for a dissolution of a copartnership, and for an accounting between the partners, the answer alleged a violation on the part of plaintiff of a provision in the articles of copartnership, providing for a sale of the good will of the business to such of the partners as should bid the highest price, by his appropriating to himself the good will, and that the same was worth as an asset $200,000, which he asked to counter-claim against any sum found due the plaintiff. As a further counter-claim the answer alleged a fraudulent misappropriation by plaintiff of partnership funds. *Held*, that the matters so set up did not present a counter-claim, of a separate and distinct cause of action, within the meaning of said section; that the matters set up were proper items to be proved upon an accounting; and that defendant was not entitled to a. trial by jury thereon.

As to whether a separate cause of action could be maintained to recover the value of the good will, or for damages without an equitable accounting of the copartnership affairs, *quære.*

(Argued January 13, 1880; decided January 20, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, denying a motion to settle issues upon the counter-claims in the answer, and the reply, to be tried by a jury and referring the action.

This action was brought for the dissolution of a copart-

nership, between the parties, and for an accounting as to partnership matters.

The substance of the answer is set forth in the opinion.

*Leon Abbett*, for appellant, Edward M. Jenkins. The order denying the motion to settle the issues for trial by jury should be reversed. (Code Civil Proc., §§ 970, 974; *Davis* v. *Morris*, 36 N. Y., 572.) When a complaint states facts giving an equitable cause of action, and also a legal cause of action arising out of the same transaction, the party is entitled to have both tried if necessary to obtain his rights, and either party has the right to a jury trial of the latter. (*Sternberger* v. *McGovern*, 56 N. Y., 21; *Hudson* v. *Carlyl*, 44 id., 553; *Kain* v. *Delano*, 11 Abb. Pr. [N. S.], 34 [Ct. App.]; *Townsend* v. *Hendricks*, 40 How. Pr., 171; *Davison* v. *Ass'n of Jersey City*, 71 N. Y., 340; *Davis* v. *Morris*, 36 id., 572; *Bryant* v. *Bryant*, 7 Robt., 48; *Evans* v. *Kalbfleisch*, 16 Abb. Pr. [N. S.], 16; *Pennsylvania Coal Co.* v. *Del. and Hud. Canal Co.*, 1 Keyes Rep., 72; *Davison* v. *Asso. of the Jersey Co.*, 71 N. Y., 340, Andrews, J.; *McKeon* v. *Lee*, 51 id., 306.)

*Samuel Hand*, for respondent. The order of reference was right and not reviewable by this court, whatever the character of the answer. It was a referable cause and could not be made the less so, because of any so-called counter-claim. (*Welsh* v. *Darragh*, 52 N. Y., 590; *Kingsley* v. *Brooklyn*, 1 Abb. [N. C.], 198; *Patterson* v. *Stettaner*, 7 Jones & Sp., 413; *Wood* v. *Hope*, 2 Abb. [N. C.], 186; *Townsend* v. *Hendricks*, 40 How., 143; *Vilmar* v. *Schall*, 61 N. Y., 564.) The appellant's counter-claim, itself, if presented in a separate suit, as alleged, is not of such a nature as to entitle the appellant, as a matter of constitutional or statutory right, to a trial by jury. (Story's Eq. Jur., §§ 679, 683, *Patterson* v. *Blanchard*, 6 Barb., 537; *Westerlo* v. *Evertsen*, 1 Wend., 532.) The order is also correct in refusing defendant's motion to settle issues, and was

discretionary with the court below. (Code, §§ 971, 972; *Wood* v. *Mayor*, 4 Abb. [N. S.], 152; *Meneely* v. *Meneely*, 62 N. Y., 427; *Howe* v. *Searing*, 6 Bosw., 354.) The Code of Civil Procedure has not changed the rule. (§§ 970–974.)

MILLER, J. The provisions of section 974 of the Code of Civil Procedure no doubt are applicable to a case where a counter-claim is set up as a defense in the answer which presents an issue to be tried, often the only one in the case, upon which an affirmative judgment is demanded against the plaintiff, and for which a separate action might be maintained to recover damages of the plaintiff. Does the answer here set up any such defense?

The action is of an equitable character, based on the articles of copartnership, and the relief sought is an accounting or settlement of the copartnership accounts and a dissolution of the copartnership.

The defendant claims in his answer that he has sustained damages by reason of the plaintiff's violation of the thirty–third article of the copartnership agreement, which provided that the good will of the business should be sold to such of the partners as would within three calendar months bid the highest price for the same. The answer alleges that the plaintiff has disregarded this provision, and has appropriated to himself the good will of the business ; that the good will as an asset was worth .$200,000, which sum he seeks to counter-claim, etc., against any sum which may be found due the plaintiff. It then proceeds to state, as a separate counter-claim, that the plaintiff fraudulently misappropriated partnership funds to a large amount, stating wherein this was done ; that he fraudulently failed to pay over money, and defrauded defendants' firm of large amounts on certain accounts, and concludes with a general allegation that he appropriated the good will of the business, claiming to offset the same, and prays that an issue be framed and sent to a jury to determine the amount of damages due by the plaintiff to the defendant by reason of plaintiff's violation of the

contract, which amount he claims should be allowed him in the accounting between the partners. The allegation as to the amounts appropriated are clearly matters for an accounting, which can be easily ascertained, and are properly within the scope and purpose of an equitable action of this character. As to the $200,000, and a claim of $12,500 for the good will, they are not so distinctly stated as to make out a cause of action *per se.* But they are commingled with other statements and allegations in reference to the transactions, which evince that they were considered and regarded by the pleader as connected with the accounting; and as they can only arise from a breach of the provision in the contract referred to, they sound in contract and are proper items which may be proved upon the accounting, and be set off against any sum found due the plaintiff. These matters present no counter-claim which shows a separate and distinct cause of action which entitles the defendant to a trial by jury. Had it been intended to claim damages for the fraudulent appropriation of the good will, or of the partnership funds or property, the answer should have so stated in a separate and distinct form, with proper allegations, so as to make out a cause of action for which a separate action might be brought. As we have seen, this is not done; and the entire pleading shows merely that the defendant presents his claims as a partner for adjustment upon the accounting, without any design to claim damages as an independent cause of action. Whether a separate action could be maintained to recover the value of the good will or for damages, without an equitable accounting of the copartnership affairs, it is not necessary to determine upon this appeal; and it is sufficient to say that no counter-claim is made out which demands that a separate issue should be made up for a trial by jury.

The order was right and should be affirmed.

All concur.

Order affirmed.