The following opinion was rendered at special term
“Ingraham, J.
On the argument of the motion counsel for the plaintiff was understood to have stated that the action was one in which it was discretionary with the court whether or not issues should be settled and sent to a jury for trial.
“ On an examination of the complaint in the action, however, it appears that the plaintiff, after alleging certain facts tending to show that the defendant maintained a private nuisance, demanded judgment that the defendant may be decreed to abate said nuisance and to pay plaintiff damages which she has sustained by reason thereof.
“ In the opinion of the court of appeals reversing the judgment in favor of the defendant, Judge Andrews stated that upon the evidence and findings in this case there is no room for doubt that the engine house as used by the defendant constitutes, under the general rule of law, a private nuisance to the property of the plaintiff, and the action is treated throughout the opinion as for the abatement of a private nuisance.
“By section 968 of the Code, it is provided that in an action for a nuisance an issue of fact must be tried by a jury, unless a jury trial is waived or a reference is directed.
“ In Hudson v. Caryl (44 N. Y. 553), it was held by the commission of appeals that under the provisions of *96 the constitution of the state, where the facts stated would sustain a common law action for the removal of a nuisance, that action must, on the demand of either party, be tried by a jury.
“ The fact that the complaint also demands equitable relief so that neither party is entitled, as a matter of right, to a trial of all the issues by a jury, would bring the case within the provisions of section 970 of the Code, which provides that where a party is entitled by the constitution or by express provision of law to a trial by jury of one or more issues of fact in an action not specified in section 968 of this act, he may apply upon notice to the court for an order directing all the questions arising upon those issues to be distinctly and plainly stated for trial accordingly.
“In People v. Metropolitan Telephone Co. (31 Hun, 600), the general term of the supreme court held, ‘ by the settled practice preceding the enactment of the present Code, that portion of the action which presents the question whether these poles were a nuisance was the proper subject of trial by jury, and that practice has been embodied in subdivision 2, of section 968, of the Code of Civil Procedure.’
“ I think, therefore, that the plaintiff is entitled to a trial by jury of the issues, as to whether or not the engine house as maintained by the defendant was a nuisance, and as to the amount of damage caused by the said nuisance if one is found to exist.
“ If the findings of the jury upon the issues submitted to them do not cover the whole case and other issues remain to be tried, or other facts requisite for equitable relief remain to be proven, then the case must be regularly brought to a hearing before the court, as provided in the case of Hammond v. Morgan (101 N. Y. 187).
“ The motion must, therefore, be granted.
“ The order can be settled on notice when the defendant can be heard as to the issues to be submitted to the jury.”
*97 Per Curiam.
This action is brought for the abatement of a nuisance, the recovery of damages, and for a perpetual injunction. The plaintiff, therefore, seeks both legal and equitable relief. In such a case final judgment must, after a trial of the issues, be given by the court at special term.
The question presented by the appeal is whether, in such a case, the plaintiff can claim a trial by jury of the issue of nuisance or no nuisance, as matter of right, or whether such a trial of the said issue rests in the discretion of the court.
The correct determination of this question is of great importance to the defendant, because, if the plaintiff is absolutely entitled to a jury trial, the finding of the jury upon the issue submitted, is, under § 970 of the Code of Civil Procedure, conclusive in the action, unless the verdict is set aside, or a new trial is granted, while, on the other hand, if a trial by jury rests in the discretion of the court, the verdict is merely for the information of the conscience of the court.
Under the decision by the commission of appeals of Hudson v. Caryl (44 N. Y. 553), we feel constrained to hold that the plaintiff is entitled, as matter of right, to a trial of the said issue by a jury, and that the learned judge below who made the order, correctly stated the reasons at length which required the granting of the order as made.
The order appealed from should be affirmed with costs.