(25 Civ. Proc. R. 377.)

NEW YORK LIFE INSURANCE & TRUST CO. v. IVES.

(Supreme Court, Special Term, New York County. April, 1896.)

TRIAL—FRAMING ISSUES FOR JURY—LACHES.
   A motion to frame issues for trial by jury will be denied if not made within the time prescribed by general rule of practice 31, unless some special reasons for framing issues exist.

Action by the New York Life Insurance & Trust Company, as trustee under the will of Francis W. Lasak, deceased, against Cuthbert, Ives, and others, for an accounting. Plaintiff moves for an order of reference, and defendant Ives moves that issues arising on the complaint and her amended answer be framed for trial by jury. Granted.

Emmet & Robinson, for plaintiff.
Edward W. Crittenden and Hoadly, Lauterbach & Johnson, for defendants.

LAWRENCE, J.. A motion is made on behalf of the plaintiff for an order referring all the issues in the above-entitled action to a referee to hear and determine the same, and a motion is made on the part of the defendant Ives that issues arising upon the complaint and amended answer of said defendant be framed for a trial by jury. The action is an equitable one for an accounting, and all the parties except the defendant Ives have consented to a reference. The defendant Ives refuses so to consent because she has interposed certain counterclaims which she contends are properly triable before a jury.

The general term of the Second department, in the case of Railroad Co. v. Reid, 21 Hun, 273, held that, where the action involved the examination of a long account, the interposition of a counterclaim in such an action does not prevent its reference; and the court, in delivering the opinion in that case, say that section 974 of the Code of Civil Procedure is not designed to send a counterclaim made by the defendant to a jury, in an action which is referable, for the reason that the trial would involve the examination of a long account. Upon that authority and other cases which might be cited, it would seem that the plaintiffs are entitled to a reference. The defendant Ives, however, has, as stated, made a motion for the framing of certain issues to be sent for trial by a jury. It is objected in the first place by the plaintiff to this motion that it is made too late. Rule 31 of the general rules of practice of this court requires that a motion to frame issues and send them to a jury shall be made within 10 days after the joining of issue. In this case it appears that the issue was joined more than a year ago. It seems to me that the objection under the rule is well taken, although, if special reasons exist, it might be within the power of the court, notwithstanding the rule, to make an order for the framing of issues and the trial of those issues by a jury. McKellar v. Rogers, 9 Civ. Proc. R. 6. I do not discover any special reasons in this case for framing issues. The first issue proposed is, did Mr. Wendell appoint the plaintiff trustee under the Lasack will? This is admitted by the defendant's answer, and the question whether the appointment of such trustee was legal, or whether it contravenes any of the provisions of the laws of this state, is one of law, which cannot properly be passed upon by a jury. The second is as to neglecting to pay over rents to the defendant Ives. The third is as to suffering real estate to become dilapidated. The fourth is as to the conversion of $188,500 out of the rent. The fifth is as to neglect to take action. The plaintiff contends as to each of these issues, and all of them, that they are matters which come within the purview of the accounting which the plaintiff asks, and that each of them can be put in issue by objections to the account filed, which account relates to the rents of the Lasack real estate collected by the plaintiff, and to its management of such real estate while in its possession. Plaintiff's counsel cites the case of Cook v. Jenkins, 79 N.Y. 575, which seems to me to be in point. The sixth issue proposed is as to the plaintiff's withholding its consent to the settlement of the estate of Lasack unless paid a large sum of money for giving such consent. This issue does not affect the right of the plaintiff to a reference, and, even if it should be proven by the defendant, it does not amount to

a counterclaim, and, if found in favor of the defendant, would not throw any light upon the question whether the account of the plaintiff as presented is correct or incorrect. If the views above expressed are correct, it follows that the motion to refer the case should be granted, and the motion to frame issues should be denied, with costs to abide the event.