METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, *v.* HARRY GILLMAN & SONS, INC., and Others, Defendants.

Supreme Court, Bronx County, May 1, 1930.

*Henry M. Bellinger*, for the plaintiff.

*Breitbart & Breitbart*, for the defendant Worber Co., Inc.

MULLAN, J.   The question before the court is the form of one question framed on a submission to a jury of a law issue arising in an equity suit.   Plaintiff sues to foreclose a mortgage on realty, joining as a defendant a conditional vendor of chattels placed in the building.   The conditional vendor raises various issues, among which are those arising on a counterclaim in the form of an action to replevin the chattels.   As no attack is made here on any of the pleadings, I assume that the counterclaim states a complete cause of action in replevin.   On the issue raised on that pleading and the reply either party is entitled as of right to have the entire issue go to a jury.   I do not think questions must be settled on trial of a counterclaim to recover a chattel.   Section 425 of the Civil Practice Act provides that such issues must be tried before a jury unless a jury is waived, and here there is no claim of waiver.   Rule 157, requiring settlement of issues and framing of questions, expressly excludes the trial of an issue as to which the party has a right to a jury trial.   On the trial of an issue of adultery there is a special direction for framing questions.   (Civ. Prac. Act, § 1149.)   There is a like specific direction for framing questions on a jury trial in an annulment action.   (Civ. Prac. Act, § 1142.)   Section 431 of the Civil Practice Act (which relates to the reverse of the trial here, *i. e.*, to a trial of issues remaining after some issues have been

tried) states that the remaining issues may be tried by a jury and does not provide for framing questions. If the remaining issues are wholly of fact, it would seem that the trial part can impanel a jury without framing questions. (Rule 158.) When a jury trial is had in an incompetency proceeding, there is a special direction for framing questions. (Civ. Prac. Act, § 1370.) Section 423 of the Civil Practice Act, relating to separate trials, seems to relate to trials in discretion and not as of right, yet it does not expressly direct the framing of questions. Perhaps rule 157 must be read with it. The trial of an issue of fact in a mandamus proceeding does not necessarily involve the framing of questions. (Civ. Prac. Act, § 1332.) In a partition action there is an express provision that issues may be tried by a jury without framing questions. (Civ. Prac. Act, § 1023.) Section 429 of the Civil Practice Act provides for framing questions for trial, but it expressly excepts the issues specified in section 425 of the Civil Practice Act, and the issues in an action to recover a chattel are included in section 425 of the Civil Practice Act. In the case of *Di Menna* v. *Cooper & Evans Co.* (220 N. Y. 391) it was held that defendant in an equity case has an absolute right to a jury trial of the issues of a law counterclaim, and that the verdict is conclusive — that the plaintiff has no such right as to plaintiff's cause of action and that as to it a verdict is advisory merely. In that case it is true that a question was framed as to defendant's cause of action, but it was framed in such a form as to submit the issues on the pleadings. The question was framed by the Appellate Division of the First Department in the following form: " Is the defendant entitled to a money judgment against the plaintiff, and, if so, for how much? " The foregoing discussion seems to me to show quite conclusively that upon a demand for a jury trial as a matter of right the court is not bound to frame separate questions as to each fact, but the entire trial of the cause may be transferred to the trial part and the issues tried may be such as are raised by the pleadings just as they would be if the law counterclaim had been brought as a law action. The parties here, however, have not asked for that, but have framed specific questions as to each fact. They agree as to all questions except question No. 6, which I rule is proper, and the following question No. 12: " Has the plaintiff and/or the defendant New York Title & Mortgage Co. wrongfully detained the said fixtures from the defendant Worber Co., Inc.? " The plaintiff objects to the inclusion of the word " wrongfully " on the ground that its use makes the question relate to a point of law. The word " wrongfully " cannot be struck out and the balance of the question be allowed to stand, for there is no issue as to the detention. Plaintiff admits the

detention, but claims the right to detain. Undoubtedly the question as now framed involves a question of law. Plaintiff claims that the entire matter of detention and its wrongfulness is covered by the other questions, and that contention is sound. It seems to me that if the defendant had adopted the general submission of all the issues as was done in the *Di Menna* case it would be entitled to have the issue of wrongful detention submitted to the jury, *i. e.*, the court on the trial could instruct the jury as to what facts constitute wrongful or rightful detention, and then submit the entire case to the jury. In a replevin action it is necessary that either in effect or in words there be a finding by the jury " that it [the chattel] is wrongfully detained." That is a necessary allegation in an action in replevin (Civ. Prac. Act, § 1096) and that is the form in which, by statute, the issue may be tendered. Under section 1124 of the Civil Practice Act, if the replevin action is sustained the chattels must be awarded to the plaintiff (defendant here). How can a judgment in replevin award possession to the plaintiff in replevin (defendant here) without a finding by the jury that the chattel is wrongfully detained by the defendant (plaintiff here). I, therefore, think that as the statutory form of the allegation, the denial of which raises the issue, contains the word " wrongful," it is proper to submit the issue in that form. The defendant asserts that in *Prudential Insurance Co.* v. *Worber Co., Inc.* (226 App. Div. 801) the court had under review the following question: " Have the plaintiffs and/or the defendant Golran Realty Corporation wrongfully detained said chattels; " that that question was attacked as involving a proposition of law not cognizable by a jury, and that the Appellate Division, without opinion, sustained the question. I have not had time to examine the record in that case, but if defendant's contention is correct it is a binding adjudication on me. The entire question could have been avoided, I think, by a general submission in the form in the *Di Menna* case. The issues are framed by allowing the items consented to; allowing items No. 6 and No. 12; and allowing the additional item suggested by plaintiff. The trial is set for the first Monday of May, 1930. Settle order.