THE PEOPLE OF THE STATE OF NEW YORK, Respondent, and IRVING LANGMUIR et al., Interveners, Respondents, *v.* SYSTEM PROPERTIES, INC., Appellant, et al., Defendants.

Argued October 5, 1944; decided October 20, 1944.

*Lauman Martin* for appellant.

*Nathaniel L. Goldstein, Attorney-General (Donald C. Glenn, Orrin G. Judd* and *Arthur W. Mattson* of counsel), for People of the State of New York, respondent.

*Richard D. Moot* for Irving Langmuir and others, respondents. Section 429 of the Civil Practice Act is mandatory that the issues of flooding and damage be settled for trial by jury. (*Hudson* v. *Caryl,* 44 N. Y. 553; *Cohen* v. *Cohen,* 160 App. Div. 240; *Halgren* v. *Halgren,* 160 App. Div. 477; *Moot* v. *Moot,* 164 App. Div. 525, 214 N. Y. 204; *Stafford* v. *Stafford,* 165 App. Div. 27.)

*Per Curiam.* The complaint alleges, among other things, that a dam constructed and maintained by defendant System Properties, Inc., in the Ticonderoga River is an unlawful encroachment on the bed of a public navigable stream and a nuisance. Plaintiffs demand judgment for the removal of the dam, for a declaration on the conflicting claims of the State and defendant System Properties, Inc., and for an injunction restraining that defendant from continuing its alleged trespass and encroachment and from interfering in any manner with the water levels. After issue was joined, plaintiffs moved to have certain issues of fact settled for a jury trial. Special Term denied the motion but the Appellate Division reversed and granted it, then allowed an appeal to this court, certifying to us a question as to whether plaintiffs are " entitled as a matter of law to have the issues of fact in this case determined by the jury."

Plaintiffs insist that theirs is an " action for a nuisance " (Real Property Law, § 529; *Hudson* v. *Caryl,* 44 N. Y. 553), in

which there is a right to a trial by jury. (Civ. Prac. Act, § 425.) Defendants, pointing to the prayers for declaratory and injunctive relief in the complaint, take the position that the suit is one in equity, and urge that there is, accordingly, no right to a jury trial. (See *Cogswell* v. *N. Y., N. H., etc.,* 105 N. Y. 319.)

Whether the action be one " for a nuisance " or one in equity because of the demands for equitable relief, there is no right to have separate fact issues framed or settled for a jury trial. The only statute under which a party may demand that form of jury trial is section 429 of the Civil Practice Act, which statute does not include within its coverage either actions " for a nuisance " or equitable actions for injunctions.

Since plaintiffs were not entitled as of right to the framing of issues, the question of a waiver by plaintiffs of the alleged right thereto does not arise.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division and the certified question answered in the negative.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ. concur.

Ordered accordingly.