IDA FELDMAN, Respondent, v. WILLIAM STURM, Defendant-Appellant, and CHARLES G. WINTERS et al., Defendants-Respondents.

Third Department, March 7, 1951.

*John P. McNamee* for appellant.

*Samuel E. Goldstein* for plaintiff-respondent.

*Daniel H. Prior* for defendants-respondents.

BERGAN, J. Plaintiff has the record title of a small and disputed piece of land in Rensselaer County. The complaint states a cause of action pursuant to article 15 of the Real Property Law. It asks the determination of claims to real property. Plaintiff's grantors and appellant Sturm who had a contract to purchase the land prior to plaintiff's taking title are the defendants.

Sturm pleads a cause of action by way of counterclaim, demanding that plaintiff be required to deliver to him a deed to the land. He asks that plaintiff's grantors be required specifically to perform their contract of sale with him.

The cause of action pleaded in the complaint is one for which a statute expressly authorizes a trial by jury. (Civ. Prac. Act, § 425, as last amd. by L. 1943, ch. 561.) The cause pleaded by defendant-appellant is in equity. At the opening of the trial, but without prior notice shown in the record, he demanded a jury trial which the court refused. This has become the main issue here.

The Constitution of 1846 brought to New York broadly envisioned legal reform. It recast our judicial establishment to bring law and equity under the same roof. There followed upon this, however, some hard procedural readjustments.

The right to trial by jury in law cases which had been preserved by the first Constitution of 1777 was continued in 1846 for the cases in which it had been the practice of the Colonial courts to have juries. (N. Y. Const. of 1777, § XLI; N. Y. Const., of 1821, art. VII, § 2; N. Y. Const. of 1846, art. I, § 2). It was then expressly provided for the first time, however, that the right might be waived in civil cases.

Very strong and implemented mandates to the Legislature to make a " systematic " revision of the whole body of the law (art. I, § 17) and to " reform, simplify, and abridge " the procedure and even the pleadings (art. VI, § 24) appear in the Constitution of 1846.

Demands for relief which traditionally the Chancellor or a master had heard without a jury began to flow into the same court which entertained actions for forms of relief for which the Constitution guaranteed a trial by jury. Under the revised practice this began to be apparent on a limited scale in the same action and the question became one of adjustment, accommodation, and of precedence between law and equity.

There was an early tendency to sustain the law practice against the practice in equity (*Davis* v. *Morris,* 36 N. Y. 569), perhaps because the Constitution seemed so emphatic in the matter of trial by jury. This trend is illustrated in *Hudson* v. *Caryl* (44 N. Y. 553).

The modern practice admits joinder of causes of action between parties on the very widest basis without regard to denomination, relevancy, or even consistency. Section 258 of the Civil Practice Act, allows among other things, a union of causes whether or not they used to be " denominated legal or equitable ", and, since 1949, " regardless of consistency ".

Thus, the need is enhanced for adequate procedural mechanics in the accommodation together of alien remedies of wide traditional and historic separation. The modern practice, taken as a whole, is well adapted to its function although it shows a residual effect of the stresses of its development.

These stresses came both from the judicial effort to accommodate law and equity in the same courtroom and the process of amendment of statute and rule to facilitate the adjustment.

The solution afforded by the modern practice is to be seen by reading together sections 425 and 429 of the Civil Practice Act. Section 425 gives a mandatory direction that " an issue of fact " be tried by jury in a list of enumerated " actions ". These are expressions of technical precision. It is not " the action " that is required to be tried by jury, but the issue of fact in the kinds of actions specified, and the distinction has importance in the practice.

Section 429 provides that when a party is entitled either by the Constitution or by law to a trial by jury of " one or more issues of fact " in " an action not specified " in section 425, he may apply on notice to the court for an order stating " those issues " for trial; and upon such an application the court is required to cause the issues triable by a jury to be " distinctly and plainly stated ".

The section directs that subsequent proceedings follow the practice in those cases where issues are stated for trial by jury not as a matter of right. The procedure for discretionary

jury trials on stated issues is authorized by section 430 and regulated by rule 157 of the Rules of Civil Practice.

The time limit specified in rule 157 in which the motion shall be made, i.e., within twenty days after issue is joined, would not apply, however, to motions where a trial by jury of an issue of fact exists as a right because section 429 first specifies an application " upon notice ", and if this motion is granted, directs that the " subsequent proceedings " are regulated by the rules for discretionary jury trials.

This is not inadvertence. It seems the informed policy of the Legislature to preserve separately through the preparatory stages of the litigation an existing right to trial by jury distinguished from a judicial permission.

Therefore, when section 429 provides for application " upon notice " it means, for the cases there stated, the usual notice of motion governed by rule 60. Finally, section 429 resolves the delicate precedence between law and equity by directing that the finding of the jury on the issues which go to the jury is conclusive " in the action ".

There has been some judicial hesitation in construing section 429. Because the words " an action not specified in section four hundred twenty-five " are used, it is intimated by the Special Term in *Metropolitan Life Ins. Co.* v. *Gillman & Sons* (137 Misc. 18, 20) that none of the issues of fact in any of the kinds of action nominated in section 425 were to have a separate statement and trial under section 429.

But section 425 describes for the purposes of the New York practice all the kinds of actions in which the general issues are to be triable by jury as a matter of right. The opening words of section 429 directing its provisions toward cases where trial by jury of issues of fact is granted by " express provision of law " must, therefore, necessarily include those issues that would arise in the actions enumerated in section 425 which are triable by jury, or it would be wholly meaningless.

Care must be taken to distinguish between the word " action " and the words " issues of fact " as used in the two sections. An action which asks relief for waste and for injunctive relief, and for an accounting, for instance, is no longer one " of the following actions " as enumerated in section 425. It is more than an action for waste. Hence it is not literally " an action " specified in that section within the language of section 429. But the limited issue of waste is one of the issues of fact upon which a party who had not waived it would have a jury trial as a matter of right, however broad the action may be as an entity.

That this is the kind of situation intended to come within section 429 is to be seen in its judicial treatment. A pragmatic example is *Elmira Sav. & Loan Assn.* v. *Spring* (261 App. Div. 1034) where a legal counterclaim was pleaded in an action to foreclose a mortgage. The " action " was said to be one not specified in section 425, but the application for trial by jury on the counterclaim seems to have been denied, not because section 429 was not in point, but because the application was not timely. There is a good discussion at Special Term of the subject in relation to an action for a declaratory judgment in *Colyer* v. *First Colony Corp.* (77 N. Y. S. 2d 37).

It has been held rather uniformly that when an action is maintained by a plaintiff seeking equitable relief the defendant who pleads in a counterclaim a cause of action triable by a jury is entitled to a jury trial of the issues so pleaded. In *Kings Highway Development Co.* v. *Home Affair Realty Co.* (235 App. Div. 796) the right to trial by jury was preserved on a law counterclaim in a foreclosure action. To such a trial, it was said, " appellant was entitled as a matter of right ". The right is very strongly asserted in similar circumstances in *Herb* v. *Metropolitan Hosp.* (80 App. Div. 145). See, also, the discussion in harmony with this in *Maag* v. *Maag Gear Co.* (193 App. Div. 759, 761).

There are some general assertions to the contrary in *Manhattan Life Ins. Co.* v. *Hammerstein Opera Co.* (184 App. Div. 440) but what the court actually decided was that the application to state the issues for trial by jury was not timely under rule 31 of the former General Rules of Practice.

The practice prevailing under the former Code of Civil Procedure and the general rules differed from the present practice in some respects, but it is a part of the background and development of the modern procedure. Rule 31 of the General Rules of Practice provided that in all cases where a party might have issues of fact settled by a jury trial " either as a matter of right or by leave of the court " he must apply within twenty days after issue is joined or the " right " is " waived ".

This differs from present rule 157 which makes no reference to cases where application is made as a matter of right and, as it has been seen, does not in its twenty-day time limitation apply to framing of issues where there is a right to a jury trial on the issues. But former rule 31, in its express purpose to impose a waiver of the right which the Constitution of 1846 said was

permissible, upon a failure to move within twenty days, precipitated a long and historic legal controversy.

On the issue of fact of adultery in an action for divorce there was no limitation of time to apply for a jury trial under section 1757 of the former Code. A sharp difference of opinion developed between, and within, the Appellate Divisions as to whether, where the Constitution continued a right to jury trial and a particular statute governed the practice, the twenty-day time limit of former rule 31 would not be inoperative. (Cf. *Cohen* v. *Cohen*, 160 App. Div. 240; *Halgren* v. *Halgren*, 160 App. Div. 477; *Moot* v. *Moot*, 164 App. Div. 525, and *Stafford* v. *Stafford*, 165 App. Div. 27). When *Moot* v. *Moot* reached the Court of Appeals (214 N. Y. 204), rule 31 was held invalid as conflicting with constitutional and statutory provisions so far as it attempted to impose a time limit, on penalty of waiver, for motions to frame issues of fact on adultery, but even after this, rule 31 was held valid enough to limit the time to state the issue in a legal counterclaim asserted in a foreclosure action (*Manhattan Life Ins. Co.* v. *Hammerstein Opera Co.*, 184 App. Div. 440, *supra*).

The judicial purpose to preserve the right of a defendant to a jury trial when he asserts a law counterclaim against a complaint asking equitable relief has been demonstrated in the cases cited. The policy has other interesting phases in which the rights of defendants and of plaintiffs are viewed from quite different aspects.

Where plaintiff joins legal and equitable causes in the same complaint, the defendant has an absolute right to a jury trial on the legal causes. The leading case is *City of Syracuse* v. *Hogan* (234 N. Y. 457). The city sued for ejectment in a dispute over title to a street and besides this, asked equitable relief including injunction and the reformation of a deed and mortgages (p. 460). Defendant was held to be entitled to a jury trial on the factual issues relevant to ejectment.

A similar result was reached in *Kohlman* v. *Bremer* (216 App. Div. 552) where the complaint pleaded both legal and equitable causes. In *Wheelock* v. *Lee* (74 N. Y. 495, 500), Judge RAPALLO affirmed the right of such a defendant, and suggested the practice then (1878) to be followed.

On the other hand equally it has been the practice to deny a right to a jury trial to a plaintiff who pleads together equitable and legal remedies. In *People* v. *System Properties* (293 N. Y. 440), the plaintiff joined legal and equitable causes and demanded a jury, the denial of which was affirmed.

The theory of denial of a jury to a plaintiff is that by his " election ", so it has been held, to proceed in this way he has waived his rights. *Di Menna* v. *Cooper & Evans Co.* (220 N. Y. 391) points the way. Plaintiff there brought an action to foreclose a mechanic's lien; he also pleaded a cause of action for money damage. It was held there was no right to a jury trial and the verdict was advisory. " The form of action * * * is that of his own selection * * * he elects that the whole controversy * * * may be determined by the court " (Cardozo, J., pp. 395, 396). In the same direction is *Hessler* v. *North Riv. Ins. Co.* (211 App. Div. 595, 601, opinion by Hubbs, P. J.).

The question arises here, therefore, whether the assertion of an equitable counterclaim in a law action waives for the defendant so seeking equity, the right to a jury trial on the issues framed by the complaint on which defendant would otherwise be entitled to a jury.

We think the right is not waived by the assertion of the counterclaim. None of the cases collated here reach that point precisely, but the ultimate ends of the reasoning of the opinions seem to point in this direction. Although it was held in *Di Menna* v. *Cooper & Evans Co.* (*supra*) that plaintiff by joining equitable and legal causes had waived the right of trial by jury, the rule was thought to be different in the case of a counterclaim framed in law, on which, so Judge Cardozo noted, there was to be a trial by jury, " as of right " (p. 396).

The test he suggested, and it is a subtle one, is whether the counterclaim was " in name only ". If the legal counterclaim was separate from the equitable and legal causes in the complaint which together had amounted to a waiver of plaintiff's right to a jury, the plaintiff would be entitled to a jury on those issues affirmatively asserted by defendant. The converse would turn the rule the other way. If they were not separable in substance, i.e., existed " in name only ", plaintiff's waiver would be unaffected.

When the underlying cases pointing out what a counterclaim " in name only " might be, are examined, it will be seen more clearly what is meant by the expression. An illustration is *Cook* v. *Jenkins* (79 N. Y. 575). In an action for an accounting, a counterclaim purported to plead a violation of the copartnership contract and misappropriation of the partnership funds which the court felt rested on the contract pleaded in the complaint. Hence the counterclaim was to be treated as a setoff " connected with the accounting " and not a true counterclaim

within the practice (p. 578). (See, also, *Bennett* v. *Edison Elec. Illuminating Co.,* 164 N. Y. 131.)

In the case before us the reasoning applied in *Di Menna* v. *Cooper & Evans Co.* (*supra*) is to be applied in reverse. Plaintiff pleads a cause in which defendant has a right to trial by jury under the statute. The counterclaim, relying on the superiority of defendant's rights under the very facts pleaded in the complaint, asks equitable relief; and hence the counterclaim is one which is " in name only " and merely seeks to carry out the purpose of the complaint to settle adverse claims to real property and to implement the determination.

We think, therefore, that defendant's counterclaim did not operate as a waiver to his right to trial by jury. His delay in moving for it until the case was reached for trial, however, entitled the court to deny it under a statute (Civ. Prac. Act., § 429) which in plain terms required application " upon notice ". (*Elmira Sav. & Loan Assn.* v. *Spring,* 261 App. Div. 1034, *supra.*) Compare *Steinway* v. *Von Bernuth* (82 App. Div. 596, 605), which deals with waiver under the earlier practice.

On the merits there is no showing that appellant performed his contract in a way which would have entitled him to relief in specific performance. Objection to proof seeking to show a tender of payment on his contract was properly sustained as to its form, and was not pursued by appellant by an offer of proper proof; and he showed no performance or tender on the requirement of the contract that he pay taxes on the land during the term of the contract of sale.

The judgment should be affirmed, with costs.

FOSTER, P. J., HEFFERNAN, BREWSTER and COON, JJ., concur.

Judgment affirmed, with costs.