L. Barron Hill, J.
In this action plaintiffs have filed a note of issue for a trial in equity by the court. The action has been placed on the Special Term Calendar of this court for the trial of equity actions.
Upon receipt of plaintiffs’ note of issue, defendants, within the six days prescribed by section 426 of the Civil Practice Act, demanded a jury trial. The calendar clerk has rightfully declined to place the matter on the calendar for trials by jury without an order of this court, since to do so requires him to pass on the question as to whether the action is one specified in section 425 of the Civil Practice Act, wherein defendant has a right to a jury trial, or whether it is, in fact an action in equity where there is no right to a jury trial.
The complaint alleges, in substance, that defendants are maintaining a nuisance on their property in the form of a steep bank of earth and sand. It further alleges that the bank collapsed and caused damage to the plaintiffs’ property collectively amounting to $21,494.10. Plaintiffs pray for judgment: (a) enjoining the defendants from continuing the nuisance; (b) directing defendants to abate the nuisance and (c) for the respective money damages.
*40 If plaintiffs moved for a trial of this complaint by jury, they would be foreclosed by their demand for equitable relief (Cogswell v. New York, N. H. & H. R. R. Co., 105 N. Y. 319). In like manner, if they demanded the trial of specific issues under section 429 of the Civil Practice Act, it would be denied (People v. System Properties, 293 N. Y. 440).
The demand here, however, is by the defendants who have had no part in framing the complaint and who now seek to assert their right to a jury trial of an action for nuisance (Civ. Prac. Act, § 425). Hudson v. Caryl (44 N. Y. 553) granted the defendant a jury trial in an identical situation. (See, also, City of Syracuse v. Hogan, 234 N. Y. 457.)
In Feldman v. Sturm (278 App. Div. 21), an extensive analysis is made of sections 425-429 of the Civil Practice Act, and the respective rights of plaintiffs and defendants to a jury trial where there are both equitable and legal claims in an action. It is, there, indicated that this action is not one for a nuisance as defined in section 425 of the Civil Practice Act since it is an action for “ an injunction and a nuisance ”.
In such an instance, where defendant has not waived his right to a jury, he can obtain a trial of the “ issues of fact ” to which he has a constitutional right by an application under section 429 of the Civil Practice Act.
It appears that Hudson v. Caryl (supra) gives to defendants a right to a trial by jury of the issues of fact relating to damages and the abatement of the nuisance. This they can secure by a timely motion pursuant to section 429 of the Civil Practice Act. This motion, therefore, is denied, without prejudice to an application under said section 429 of the Civil Practice Act.
Submit order.