■ BARRY FEDERMAN, Doing Business as BUILDERS ESTIMATING SERVICE, et al., Appellants, v. SEYMOUR BERGER et al., Respondents.— Order entered on February 10, 1961 granting reargument and on reargument granting defendants' motion for a trial by jury, unanimously reversed, on the law, and the motion denied, without costs. We conclude that the first and third causes of action are in law and would ordinarily give the defendant a right to a trial by jury on the issues raised thereunder. However, we find that such right was waived by the interposition of equitable counterclaims. These counterclaims are independent of, and seek relief beyond that encompassed by the complaint. They are, therefore, more than counterclaims "in name only" (Di Menna v. Cooper & Evans Co., 220 N. Y. 391, 396) but rather are independent causes of action unrelated to the complaint to an extent that their assertion constitutes a waiver of the right to a trial by jury (see Feldman v. Sturm, 278 App. Div. 21). While only two of the defendants here interposed such equitable counterclaims their codefendants have, in effect, adopted and ratified the waiver occasioned thereby by asserting their defenses in a joint answer. The same result must follow with respect to Berger's request for a trial by jury on his affirmative defense. Concur — Breitel, J. P., Valente, McNally and Bastow, JJ.; Rabin, J., concurs in the result as follows: While I agree that if the defendants had any right to a trial by jury, they waived the same, I conclude that they had no such right in this action. The first and third causes of action, as well as the second, are equitable

in nature. The plaintiffs seek injunctive relief primarily. They seek to enjoin the defendants from soliciting or doing business with plaintiffs' employees. The fact that such causes allege and seek money damages as well does not convert them into causes at law (*Jamaica Sav. Bank* v. *M. S. Investing Co.*, 274 N. Y. 215, 221). There can be no question but that the plaintiffs will be entitled to the equitable relief sought if they are successful in proving the allegations of the first and third causes of action. However, the plaintiffs would not be able to receive equitable relief if, as the majority holds, these causes are pleaded in law. There is no other cause of action pleaded under which they could get such relief. The cases of *Jones Co.* v. *Burke* (280 App. Div. 889) and *Micro Precision Corp.* v. *Brochi* (4 A D 2d 697) do not mandate a different conclusion. In those cases — unlike the instant case — the plaintiffs could have obtained the equitable relief sought because they pleaded causes of action in equity independent and apart from the causes of action construed to be at law. The claims for money damages were asserted, not as an incident to the granting of equitable relief, but rather by virtue of separate causes of action in which no equitable relief was asked. In the *Jones* case this court held in effect that had the complaint been written as "one comprehensive action in equity" the defendants would not have been entitled to the jury trial which was granted. In the case before us there are no separate and distinct law actions pleaded.