■ MAURICE D. SADO, Respondent, v. SHIRLEY R. SADO, Individually and as Executrix of EMANUEL SADO, Deceased, et al., Appellants.— Appeals by defendants from four orders of the Supreme Court, Kings County, namely, (1) from an order dated October 25, 1968, which denied defendants' motion to vacate plaintiff's note of issue and statement of readiness; (2) from an order dated October 17, 1968, which *inter alia* granted plaintiff's cross motion to vacate defendants' notice to take plaintiff's pretrial deposition; (3) as limited by defendants' brief, from so much of an order dated October 23, 1968 as, on reargument of the aforesaid two motions, adhered to the original determinations; and (4) an order dated November 14, 1968, which granted. plaintiff's motion to vacate defendants' jury demand and to strike the action from the jury calendar. Order of October 23, 1968 reversed insofar as appealed from, on the law and the facts and in the exercise of discretion; defendants' motion to vacate plaintiff's note of issue and statement of readiness granted; and plaintiff's cross motion to vacate defendants' notice to take his pretrial deposition denied. Appeals from orders of October 17, 1968, October 25, 1968 and November 14, 1968 dismissed. Appellants are allowed a single bill of $20 costs and disbursements to cover all the appeals. On this record, it is our opinion that plaintiff served and filed his note of issue and statement of readiness before defendants had a reasonable opportunity to conduct their pretrial discovery proceedings; and that it would be unfair to compel defendants to go to trial in this protracted, complicated dispute without a pretrial examination of plaintiff, particularly because plaintiff has had the benefit of pretrial examinations of defendants and their witness, covering a four-year period and resulting in almost 1,300 pages of testimony. Hence, plaintiff's note of issue and statement of readiness should be vacated and his motion to vacate defendants' notice to take his pretrial deposition should be denied. The appeals from the two orders dated October 17, 1968 and October 25, 1968, respectively, are academic. These orders were superseded or rendered inoperative by the order granting reargument. Therefore said appeals should be dismissed. The appeal from the order of November 14, 1968 has also become moot, because of our determination herewith that the note of issue and statement of readiness should be vacated; hence, the appeal from this order should likewise be dismissed. However, it should be noted that if we were not dismissing this appeal we would reverse that order and deny plaintiff's motion to vacate defendants' jury demand and to strike the case from the jury calendar, since we believe that defendants are entitled to a jury trial of the legal causes of action in the complaint (i.e., the 5th through 8th causes of action), in which event the entire case could be tried before a single Justice, with the legal causes of action tried to the jury and the equitable causes of action tried to the court without the jury (see *Vinlis Constr. Co.* v. *Roreck*, 23 A D 2d 895; cf. *Micro Precision Corp.* v. *Brochi*, 4 A D 2d 697; *Feldman* v. *Sturm*, 278 App. Div. 21). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.